BENJAMIN R. THOMPSON ET AL. v. ELIZA J. ROBINSON ET AL.

No. 837. Decided December 11, 1899.

1. **Vendor and Vendee—Superior Legal Title—Foreclosure.**

A sale of land under foreclosure decree in a suit against the vendee by the vendor who had retained the superior legal title, passed such title, as well as the right to the debt, by subrogation, to the purchaser, who acquired thereby the rights of the original vendor against purchasers from the vendee, who had not been made parties to the foreclosure suit. (P. 170.)

2. **Same—Purchasers Not Made Parties—Redemption.**

Foreclosure of the vendor's lien did not affect the rights of prior purchasers from the vendee, not made parties to the suit, of a part of the incumbered land, to perfect their title by paying their equitable proportion of the debt to the purchaser at foreclosure sale. (P. 170.)

3. **Same—Purchaser in Default—Sale by Superior Owner.**

As against purchasers from the vendee who were in default in payment for fifteen years, though not parties to nor affected by the foreclosure, the owner of the superior title and debt could disaffirm the contract and convey the land to another, unless circumstances made it inequitable so to do. (P. 170.)

4. **Same—Default—Waiver by and Notice from Vendor.**

A vendor who has waived default of his vendee may be required to give notice demanding performance before abandoning the contract and retaking the land; but see this case for circumstances where no such notice was necessary. (Pp. 170, 171.)

5. **Same—Waiver of Past Defaults Not Prospective.**

Bringing suit to foreclose the lien was a waiver of the superior owner's right to terminate the contract for past defaults; but it did not relieve purchasers, not parties to the foreclosure proceedings, and remaining in default for fifteen years later, from the right of the superior owner to reclaim the land and sell to another. (P. 171.)

ERROR to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

Robinson and others sued Thompson and others in trespass to try title. Defendants had judgment. Plaintiffs appealed and it was reversed and rendered. Appellees, defendants below, then obtained writ of error.

*Ogden & Terrell* and *Denman, Franklin, Cobbs & McGown,* for plaintiffs in error.—As the undisputed evidence shows a continuous default on the part of appellants and their ancestors since 1856, in the payment of interest due under the contract between the city of San Antonio and Schleicher, and that only one of the parties hereto has labored

under disabilities during said time, and that this party ceased to labor under such disabilities for a number of years before the institution of this suit, and as there is no evidence whatsoever to excuse the default of either appellants or their ancestors, and none to excuse their delay in asserting their right to pay off the purchase money, and as the undisputed evidence further shows, that, since the foreclosure sale by the city, the property in controversy has changed hands several times, has largely increased in value, and intervening equities have grown up, therefore the appellants should not, at this late date, be permitted by a court of chancery to assert their right to pay off the original indebtedness to the city and specifically enforce the contract between the city and said Schleicher. And particularly should they not be permitted to do this when they do not offer to do equity in the case further than to pay the purchase money paid by the purchaser at said foreclosure sale, together with interest. Under the facts of this case it must be held that appellants and their ancestor have abandoned the contract between the city of San Antonio and said Schleicher, and a court of chancery should not now, at their instance, specifically enforce the contract so abandoned by them.

The legal title to the land remained in the city and passed to the purchaser at the foreclosure sale: Roosevelt v. Davis, 49 Texas, 472; Baker v. Ramey, 27 Texas, 59; Peters v. Clements, 46 Texas, 115; Crafts v. Daugherty, 69 Texas, 481; Harris v. Catlin, 53 Texas, 8; Jackson v. Palmer, 52 Texas, 434; Masterson v. Cohen, 46 Texas, 520; Hale v. Baker; Dunlap v. Wright, 11 Texas, 597; Keys v. Mason, 44 Texas, 144; Estes v. Browning, 11 Texas, 237; Robertson v. Wood, 15 Texas, 4; Hamblen v. Folts, 70 Texas, 135; Russell v. Kirkbride, 62 Texas, 457; Catlin v. Bennatt, 47 Texas, 170; Rogers v. Blum, 56 Texas, 6; Stone & Co. v. Boon, 73 Texas, 555; Ufford v. Wells, 52 Texas, 617; Webster v. Mann, 52 Texas, 416.

The right of junior purchaser to pay off a vendor's lien where it is expressly reserved in deed, after a foreclosure to which he is. not a party, is not absolute, but can only be exercised by permission of the chancellor, and when request is made promptly, and there are no intervening equities. Stone Land and Cattle Co. v. Boon, 73 Texas, 555; Ufford v. Wells, 52 Texas, 619; Robinson v. Black, 56 Texas, 215; Kennedy v. Embry, 72 Texas, 387; Jackson v. Palmer, 52 Texas, 427; Thompson v. Westbrook, 56 Texas, 265; Burgess v. Millican, 50 Texas, 401; Dunlap v. Wright, 11 Texas, 597; Huffman v. Mulkey, 78 Texas, 557; Foster v. Powers, 64 Texas, 247; Bradford v. Knowles, 86 Texas, 509; Pierce v. Moreman, 84 Texas, 597; Maulding v. Coffin, 6 Texas Civ. App., 416; Robinson v. Kampmann, 5 Texas Civ. App., 608; Abraham v. Ordway, 158 U. S., 417; Connely v. Rue, 148 Ill., 207; Williams v. Rhodes, 81 Ill., 571; Foster v. Railway, 146 U. S., 88; Parker v. Dacres, 130 U. S., 43; Richards v. Mackall, 124 U. S., 187; Sullivan v. Portland, etc., R. R., 94 U. S., 811; Godden v. Kimmell, 99 U. S., 201; McKnight v. Taylor, 1 How., 161; Hayward v. Bank, 96 U. S., 611;

Oil Co. v. Marbury, 91 U. S., 591; Spiedel v. Henrici, 120 U. S., 387; Marsh v. Whitmore, 21 Wall., 183; Schlawig v. Furslow, 59 Fed. Rep., 853.

The contract of sale between the city and Schleicher was abandoned by Roberson, the vendee of Schleicher, and his heirs can not demand performance of same. Kennedy v. Embry, 72 Texas, 389, citing Dunlap v. Wright, 11 Texas, 597; Webster v. Mann, 52 Texas, 416; Jackson v. Palmer, 52 Texas, 434; Ufford v. Wells, 52 Texas, 619; Thompson v. Westbrook, 56 Texas, 266.

*J. A. Buckler* and *Harris & Smith,* for defendants in error.—Though a subvendee, his heirs and representatives, need not be made parties to a suit to foreclose a vendor's lien, his heirs may recover the land from a purchaser at the foreclosure sale, who has notice of their rights, on refunding the price paid by said purchaser, with interest. Pierce v. Moreman, 84 Texas, 596; Robinson v. Kampmann, 24 S. W. Rep., 529.

Under the facts of this case the plaintiffs were not guilty of laches, and are entitled to the relief prayed for. Montgomery v. Noyse, 73 Texas, 210.

The plea of stale demand can not be interposed in suits of trespass to try title, even where plaintiff's title is purely equitable. This is a suit to recover land, and is in effect a suit of trespass to try title. Land Co. v. Hyland, 8 Texas Civ. App., 616.

Coverture will avoid the plea of stale demand. Hill v. Moore, 85 Texas, 340.

J. D. Robinson, Jr., one of appellants herein, having brought this suit about four years after his majority, is not guilty of laches. Robinson v. Kampmann, 24 S. W. Rep., 529.

Where plaintiffs, suing for land, offer to do equity by refunding the price paid with interest, defendant can not recover taxes paid without showing the amount. Robinson v. Kampmann, 24 S. W. Rep., 529.

BROWN, ASSOCIATE JUSTICE.—This suit was instituted by Eliza J. Robinson, Joshua D. Robinson, and Jennie P. Whitney, formerly Jennie P. Robinson, joined by her husband, E. Herbert Whitney, in the District Court of Bexar County, against Benjamin R. Thompson, R. A. Brantley, E. A. Felder, John P. Randolph, T. M. Orr, A. B. Coryell, Lawrence Cole, Thos. Upton, H. O. Skinner, and G. H. Forcke, to recover lot number 14, in range 3, in the city of San Antonio, containing 26 69-100 acres of land. The city of San Antonio was subsequently made a party to the suit. The original suit was brought in the form of an action of trespass to try title, but subsequently, in 1895, what is termed a supplemental petition was filed in which the facts were alleged as hereafter shown by the findings of the court, and in which the plaintiffs claim the right to pay off the amount bid by the defendants at the sheriff's sale, and also offer to pay any balance due upon

the original contract and any taxes that might be shown to have been paid by the defendants.

The defendants pleaded generally, denying the right of the plaintiffs, and stale demand against the claim asserted. Some of the defendants pleaded over against their warrantors and made them parties to the suit, seeking to recover against them upon the warranty deeds, in case the plaintiffs should recover the land or any part of it. The case was tried in the District Court without a jury.

The city of San Antonio sold and conveyed the land in controversy to Gustav Schleicher by a written contract, signed by both parties, dated the 6th day of May, 1854. The conveyance was in the usual terms, but embraced a promise by Schleicher to pay to the city $526, the balance of the purchase money of this and other lands conveyed in the same instrument, with 8 per cent interest from the 1st day of February, 1854, payable semi-annually on the 1st days of February and August of each year. To secure the payment of the money, a vendor's lien was expressly retained and the contract created a special mortgage upon the land. It was stipulated that Schleicher might pay off any part or the whole of the purchase money at any time before the expiration of fifty years, and, if he should fail to pay any installment of interest when due, the whole should at once become due, and that judgment might be rendered for the balance, foreclosing the lien upon the land, and it sold to pay the judgment. The contract provided that whenever the debt and interest should be paid, the vendor's lien and mortgage would be released.

On the 15th day of February, 1855, Schleicher, for a valuable consideration, conveyed the land in controversy to M. A. Dooley by warranty deed, excepting from the warranty the contract with the city of San Antonio. The deed was recorded on the 17th day of February, 1856, in the deed records of Bexar County, Texas.

On November 15, 1858, Dooley conveyed the land to Joshua D. Robinson by deed, which was duly recorded on the 17th day of November, 1858, in the records of Bexar County. Joshua D. and Eliza J. Robinson were married in 1857.

Joshua D. Robinson died in San Antonio, Texas, on the 16th day of September, 1866, leaving Eliza J. Robinson, his surviving widow, and two children, Joshua D., Jr., and Jennie P. Robinson, now Whitney. Jennie P. was born July 25, 1865, and was married in the year 1881 to Edward Herbert Whitney. Joshua D., Jr., was born the 3d day of April, 1866. Mrs. Robinson, with her two children, resided in Texas until 1870, when she removed with them to the State of Massachusetts, where they have since resided.

In the year 1868 A. O. Cooley was appointed administrator of the estate of Joshua D. Robinson, deceased, in Bexar County; the administration was closed in the year 1882. The property in controversy was put on the inventory of the estate and appraised. The administrator did not pay the taxes upon this land and no disposition was made of it.

While Cooley was administrator, he called the attention of the city authorities of San Antonio to the claim of Robinson to the property, but was unable to get any action by the city with reference thereto, "or reply, except that they knew of no claim by the city against the said Robinson or the said land and knew nothing of Robinson's title thereto."

Default in payment of interest on Schleicher's obligation occurred in the year 1855 and no interest was paid after that date. In the year 1870 the city of San Antonio instituted suit in the District Court of Bexar County against Schleicher and others, whose names do not appear, to recover the balance due upon the contract and to foreclose the lien upon the land in question and other lands named in the judgment. Neither the administrator upon the estate of Robinson, the widow, nor heirs of Robinson were made parties to the suit or had any knowledge of its existence. On the 31st of January, 1874, by agreement between the city of San Antonio and Schleicher, judgment was rendered in favor of said city against G. Schleicher for the sum of $150, with interest thereon at 8 per cent per annum from the 1st day of February, 1855, amounting in the aggregate to the sum of $378, together with costs of suit. The vendor's lien and special mortgage reserved in the contract were foreclosed upon the following described property: "Lots numbers 10 and 14, range 3, in district 1, of the plan of the city lands of the city of San Antonio, made and surveyed by Francis Giraud, city surveyor; lot number 10 containing 56 10-100 acres and lot number 14 containing 26 69-100 acres, more or less, the same being situated in the county of Bexar, in the corporate limits of the city of San Antonio." Under an order of sale issued to the sheriff of Bexar County upon that judgment, the lands described were sold to different parties, and Ann Eliza Bohnet became the purchaser of the lot in controversy at the sum of $215. From the sale of this land and the other lands, the entire judgment of the city was paid off. Mrs. Ann Eliza Bohnet paid the sum bid and received the sheriff's deed therefor on the 7th day of April, 1875. The plaintiffs tendered to the defendants, on the 9th day of May, 1896, the sum of $215, with 8 per cent interest from the 7th of April, 1875, which was refused. This land was sold by the guardian of the minor heirs of Ann Eliza Bohnet to W. A. Bohnet, who, with J. A. Bohnet, conveyed it to Benjamin R. Thompson on August 27, 1890, from whom the other defendants claim by alleged warranty deeds.

The trial court entered judgment against all of the plaintiffs that they take nothing by the suit, which the Court of Civil Appeals of the Fourth District reversed as to Joshua D. Robinson, Jr., giving judgment in his favor for one-fourth of the land and that he pay to the defendants one-fourth of $215, with 8 per cent interest from the 7th day of April, 1875.

Plaintiffs in error present a number of objections to the judgment of the Court of Civil Appeals which will not be examined, since we are of

opinion that court erred in reversing the judgment of the District Court as to Joshua D. Robinson, Jr., because the facts found by the trial court show that, when the suit was filed, he had no title to the land.

The contract of sale between the city of San Antonio and Gustav Schleicher being executory, the superior title to the land remained with the city, and the attempted foreclosure of the vendor's lien in the suit against Schleicher and the sale of the land under that judgment passed the legal title to the purchaser, Ann Eliza Bohnet. The entire debt of the city of San Antonio was paid by the sale of this and other lands, and, by subrogation, Mrs. Bohnet became the owner of the part of the debt which constituted a lien upon this lot. Being owner of the legal title to the land and the debt for the purchase money, she stood in the place of the city, and her rights passed to W. A. Bohnet through his purchase from her heirs. Bradford v. Knowles, 86 Texas, 505; Ufford v. Wells, 52 Texas, 612; Cattle Co. v. Boon, 73 Texas, 548; Foster v. Powers, 64 Texas, 247.

Joshua D. Robinson, Sr., being dead at the time the suit against Schleicher was instituted and neither his administrator nor heirs being parties to that suit, the judgment of foreclosure and the sale did not affect their interest in the land, but they had the right to pay to Mrs. Bohnet the purchase money paid by her and thereby perfect their title. Pierce v. Moreman, 84 Texas, 596; Ufford v. Wells, 52 Texas, 612. The plaintiffs below being in default of such payment for fifteen years, Bohnet, the owner of the superior title and the debt, had the right to disaffirm the contract and convey the land to B. R. Thompson, if the circumstances did not make it inequitable for him to do so. Howard v. Davis, 6 Texas, 174; Wheatley v. Griffin, 60 Texas, 209; White v. Cole, 87 Texas, 500; Hatch v. Cobb, 4 Johns. Ch., 559; King v. Wilson, 6 Beav., 126; Smith v. Lawrence, 15 Mich., 499; Younger v. Welch, 22 Texas, 426.

White v. Cole was based upon these facts: Mrs. White became owner of a note given by Cole for the purchase money of land, the lien being expressly reserved in the deed to Cole. After the note was barred, Mrs. White sued Cole upon it; he pleaded the statute of limitations, after which the original vendor conveyed the land to Mrs. White, who amended her petition and claimed the land. This court held that she could recover. The decision rests upon the proposition, that, being owner of the debt and of the superior title to the land, Mrs. White had all the rights that belonged to the original vendor. W. A. Bohnet held the superior title and the purchase money debt as effectually as if the contract had been assigned and the land conveyed to him by the city, and no sound reason occurs to us why he did not stand in the same relation to the heirs of Joshua D. Robinson that Mrs. White sustained to Cole. If he could have recovered the land by suit, he could convey it.

It is frequently said that when a vendor has waived a failure by the vendee to perform, he may subsequently give notice to the vendee, demanding performance within a given time, and, upon failure, may aban-

don the contract and resume possession and ownership of the land. Whenever it would be unjust for the vendor to disaffirm without notice to the vendee, a court of equity will require that notice should be given. But in this case, Joshua D. Robinson became the owner of Schleicher's right to this land in 1858, and neither he nor his heirs ever paid the interest or any part of the principal for thirty-two years. Robinson died in 1866, and his widow and children removed to the State of Massachusetts and continued to reside there, so that there was no opportunity for W. A. Bohnet to give notice to them, if it would otherwise have been necessary, which, we think, under the circumstances, it was not.

It is true that by the suit against Schleicher, the city of San Antonio waived the right to rescind the contract of sale for any antecedent failure of Robinson or his heirs to make payment, but it did not relieve them from the obligation thereafter to perform the contract within a reasonable time. Scarbrough v. Arrant, 25 Texas, 129. More than fifteen years elapsed between the purchase by Mrs. Bohnet and the sale by W. A. Bohnet to Thompson, during which time the land had greatly increased in value and no claim had been asserted by the heirs of Robinson, nor was there any offer of performance by them. They lived in another State far from the land, and Bohnet had received nothing from them to be accounted for. Under these circumstances, he had the right to abandon the contract and to convey the land as his own, without notice to the defendants in error. We therefore hold that the deed from W. A. and J. A. Bohnet to B. R. Thompson conveyed the legal and equitable title to the land, free from any claim of the heirs of Joshua D. Robinson, and the Court of Civil Appeals erred in reversing the judgment of the District Court as to Joshua D. Robinson, Jr., for which error the judgment of the Court of Civil Appeals is reversed and the judgment of the District Court is affirmed.

*Reversed and judgment of District Court affirmed.*