## R. B. SPENCER & CO. v. MAY et al.
### No. 1528.

Court of Civil Appeals of Texas. Waco.

Jan. 17, 1935.

Rehearing Denied Feb. 7, 1935.

S. J. T. Smith, of Waco, for appellant.

R. B. Molloy and Davis, Jester & George, all of Corsicana, for appellees.

ALEXANDER, Justice.

On November 15, 1929, C. R. Terry conveyed to George W. and Daniel E. May 115 acres of land, and retained a vendor's lien to secure the payment of notes to the amount of $6,400. On November 21, 1929, George W. May conveyed 57½ acres off of the south side of the same tract of land to Daniel E. May, and on the same day Daniel E. May and wife, without Terry's consent, executed a mechanic's lien contract in favor of R. B. Spencer & Co. to secure the payment of a note for $400, given for material for the construc-

tion of a dwelling house on the premises. On September 19, 1931, Daniel E. May and George W. May, being unable to pay the purchase-money notes, and in order to avoid the cost and inconvenience of foreclosure proceedings, reconveyed the entire 115 acres of land to C. R. Terry in cancellation of the indebtedness evidenced by said vendor's lien notes. Terry accepted the deed of reconveyance with full knowledge of the existence of the mechanic's lien contract. R. B. Spencer & Co. brought this suit against Daniel E. May and wife, C. R. Terry, and others, for its debt, and to foreclose its lien on the 57½ acres of land covered by its mechanic's lien contract. The case was tried before the court without a jury and resulted in a judgment in favor of the plaintiff against Daniel E. May for its debt, and against all defendants foreclosing its mechanic's lien on the dwelling house erected by it on the premises. The trial court, however, denied the plaintiff a foreclosure of its lien on the 57½ acres of land covered by its mechanic's lien contract. The plaintiff appealed.

Upon the trial of the case it was insisted by the appellant, who was plaintiff below, that when Daniel E. and George W. May reconveyed the land to Terry in consideration of the cancellation and surrender of the vendor's lien notes held by him, there was a merger of the vendor's lien with the superior title to the property, so as to extinguish the vendor's lien, and as a consequence appellant's mechanic's lien became a first lien on the 57½ acres of land described in its contract, and it is here insisted that the trial court erred in failing to so recognize said lien and to foreclose the same on said land. On the other hand, the appellee, Terry, insists that he at all times held the superior title to the property, and that his interests could not have been defeated by Daniel E. and George W. May without a tender of the unpaid purchase money due him, and since appellant acquired its interest from Daniel E. May, it held no greater right than he did, and could not defeat appellee's title without a tender of the unpaid purchase money.

We recognize the rule that in some instances when the title to land and the title to a mortgage lien thereon become vested in the same person the greater and the lesser estates may become merged and the lien extinguished, in the absence of an intention to the contrary. 17 Tex. Jur. 120; York v. Robbins (Tex. Com. App.) 255 S. W. 720; Silliman v. Gammage, 55 Tex. 365; Smith v.

Cooley, 164 S. W. 1050. Such rule is based on a fiction to which resort may be had when necessary in order to do complete justice between the parties; but resort should not be had thereto when the application of such principles would result in the creation of rights or obligations not contemplated by the parties nor justified by any consideration. 17 Tex. Jur. 125. In our opinion, such rule does not apply in a case like the one here under consideration, as where the holder of the vendor's lien and the superior title, in order to avoid the necessity of foreclosure proceedings against the debtor who is unable to pay, accepts from such debtor a reconveyance of the title to the property in cancellation of the unpaid purchase money. In Texas, as is well known, a grantor who retains an express lien to secure unpaid purchase-money notes holds the superior title to the property. Upon the failure of the purchaser to pay the unpaid purchase money the vendor may resume title and possession of the property or maintain an action in trespass to try title therefor. In the event of an attempt to exercise such right by the vendor, the vendee's only remedy is to tender the unpaid purchase money and perform such other obligations as have been assumed by him under his contract of purchase. Yett v. Houston Farms Development Co. (Tex. Civ. App.) 41 S.W.(2d) 305, par. 2 (writ refused) and cases there cited; Thompson v. Robinson, 93 Tex. 165, 54 S. W. 243, 77 Am. St. Rep. 843; Scott & Carmody v. Canon (Tex. Com. App.) 240 S. W. 304. Therefore, when George W. May and Daniel E. May failed to pay the balance of the purchase price at its maturity, Terry, the vendor, as against such purchasers, had a right to rescind the contract and resume title and possession of the property. R. B. Spencer & Co. acquired its right through Daniel E. May with notice of Terry's superior claim. Consequently, appellant's rights were necessarily subject to the same limitations as were the rights of its grantor Daniel E. May. Bankers' Mortgage Co. v. Higgins (Tex. Civ. App.) 4 S.W.(2d) 102, par. 6; Teston v. Brannin (Tex. Civ. App.) 261 S. W. 788, par. 9. Hence appellant's only remedy to defeat a rescission of the executory contract by Terry was to tender the balance of the unpaid purchase money. Stone Land & Cattle Co. v. Boon, 73 Tex. 548, 11 S. W. 544. This identical question was before the Court of Civil Appeals at Galveston in the case of Yett v. Houston Farms Development Company, 41 S.W.(2d) 305, and that court held that when the original vendor accepted a reconveyance from his vendee in satisfaction of the unpaid purchase-money notes there was no such merger of the vendor's lien with the superior title as would destroy such vendor's right to recover the property in an action in trespass to try title against the subvendee, who acquired his interest with notice of the vendor's lien, and who failed to tender payment of the unpaid purchase money. The Supreme Court refused a writ of error in that case, and we consider such holding binding in this case.

■■ We do not wish to be understood as holding that the appellant's right of redemption was entirely cut off by the deed of reconveyance from George W. and Daniel E. May to Terry. Its equity of redemption could not thus be destroyed by a contract or proceeding to which it was not a party. Huffman v. Mulkey, 78 Tex. 556, 14 S. W. 1029, 22 Am. St. Rep. 71; Pierce v. Moreman, 84 Tex. 596, 20 S. W. 821. But the facts of this case disclose that appellant's right of redemption was a worthless one. Terry's debt, which appellant would have had to pay in order to redeem the property, exceeded $7,000. The parties agreed that the value of the property covered by the lien did not exceed $3,500. Under these circumstances, appellant's right to redeem the property was an empty one, and hence the trial court did not err in refusing it the right to foreclose its lien on the land. Estelle v. Hart (Tex. Com. App.) 55 S.W.(2d) 510, par. 5; Fidelity & Deposit Co. v. Albrecht (Tex. Civ. App.) 171 S. W. 819, par. 2 (writ refused); Citizens' National Bank of Waco v. Strauss, 29 Tex. Civ. App. 407, 69 S. W. 86 (writ refused).

The judgment of the trial court is affirmed.