## NORTH TEXAS BUILDING & LOAN ASSOCIATION V. M. C. OVERTON.

No. 6423. Decided October 23, 1935.
(86 S. W., 2d Series, 739.)

*Bledsoe, Crenshaw & Dupree,* of Lubbock, and *Carrigan, King & Surles,* of Wichita Falls, for appellant.

The recitations in White's deed to the effect that it was accepted in cancellation of the debt is not conclusive, but shows that the association did not waive any right that it had by accepting such deed. R. B. Spencer & Co. v. May, 78 S. W. (2d) 665, writ refused; Yett v. Houston Farm. Dev. Co., 41 S. W. (2d) 305, 312; Browne v. King, 111 Texas, 330, 235 S. W., 522.

*T. T. Garrard* and *Bean & Klett,* of Lubbock, for appellee.

In the absence of fraud, accident or mistake, the company's acceptance of the deed from White in consideration of the cancellation of the company's mortgage discharged such mortgage, by express contract, independent of any doctrine of merger. George v. Williamson, 23 S. W. (2d) 676; Heidenheimer v. Higginbotham-Bartlett Co., 53 S. W. (2d) 644; Tom v. Wollhoeffer, 61 Texas, 277; 41 C. J., 790, sec. 905.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

The certificate to the Honorable Court of Civil Appeals is, in part, as follows:

"The appellee Overton owned Lot 20 in Block 46, Overton Addition to the Town of Lubbock. On June 26, 1928, he conveyed it to A. W. May by warranty deed which retained the vendor's lien to secure six notes of $100.00 each. Two of the

six have been paid and the last four are the basis of this suit by Overton.

"December 31, 1928, May and wife conveyed the property to J. W. Baze. On January 31, 1929, Baze and wife executed a mechanic's lien contract with G. H. Hughett which provides for the erection upon said lot by Hughett of a six-room residence and other improvements. On March 28, 1929, Overton executed an agreement that in consideration of benefits to be derived by him from the erection of improvements on the property, he subordinated his lien securing his six notes to the mechanic's lien which had been executed by Baze and wife. Thereafter Baze and wife conveyed the property to W. E. White by warranty deed dated May 24, 1929, which shows that the grantee executed two notes payable to Baze and assumed Overton's vendor's lien notes and the $5,000.00 evidenced by the note payable to the appellant Company. The residence was built upon the lot while it was owned by Baze and on April 20, 1929, Baze and wife filed their written acceptance of the improvements and their acknowledgment that the building had been completed in accordance with the plans and specification. After White purchased the property and assumed the indebtedness against it, he defaulted in the payment of Overton's notes and in his payments to the appellant Company. After some negotiations between the parties during which the appellant, on February 5, 1932, wrote White proposing 'To accept a deed from yourself and wife in cancellation of the indebtedness due us,' White and wife conveyed the property to the Association on February 5, 1932, by warranty deed which recites the consideration as follows:

" '$10.00 and other valuable consideration to us paid and secured to be paid by North Texas Building & Loan Association, a corporation, as follows: Ten and no/100 dollars cash in hand paid, the receipt of which is hereby acknowledged and confessed and the cancellation of a certain deed of trust note dated April 17, 1929, in the sum of Five Thousand and no/100 dollars as set forth and described in deed of trust recorded in Vol. 56, page 545, deed of trust records of Lubbock County, Texas, which deed of trust was executed by J. W. Baze and wife, Anne L. Baze, to A. C. Estes, Trustee,'

"After the execution of this conveyance Overton filed suit upon the four unpaid vendor's lien notes, making May, Baze, White and the North Texas Building & Loan Association parties to the suit.

"The Association answered and filed its cross action as the

■ ■ ■ ■

owner and holder of the mechanic's lien debt in the sum of $5,000.00, praying that its mechanic's lien be decreed to be first and superior and that it be foreclosed against the premises.

"Upon a trial to a jury, only this issue was submitted:

"'Do you find by a preponderance of the evidence that the North Texas Building & Loan Association intended to cancel the $5,000.00 note and lien in exchange for the deed of conveyance from the defendant, W. E. White?'

"This was answered in the affirmative and the Court rendered judgment against the Association and in favor of Overton foreclosing his lien as the superior lien upon the premises.

\* \* \* \* \* \* \*

"The Association did not plead that the deed which it accepted from White and wife and in which the consideration expressed is that it is for the purpose of cancelling the $5,000.00 note and mortgage was executed through fraud, accident or mistake.

\* \* \* \* \* \* \*

"Because the members of the Court are not in accord upon the decisive issues involved, we certify to Your Honors the following questions:

"(1)  Is the consideration recited in White's deed to the Association contractual?

"(2)  May the testimony introduced upon the question of the Association's intention as to merger be considered in support of the verdict of the jury?

"(3)  If the consideration set out in White's deed is not contractual, was evidence to show the intention of the Association in taking the deed admissible in the absence of a plea of fraud, accident or mistake?

"(4)  Is the recitation in White's deed to the effect that it was accepted in cancellation of the debt conclusive upon the issue of the Association's intention?"

■ We construe the first three questions as having application to the cross action of the Association against Baze and White, by which it sought judgment against them for the principal, interest and attorney's fees on the $5,000 note, together with a foreclosure of its mechanic's lien securing same.  To these questions we answer that the consideration recited in the deed, except as to the payment of $10.00 cash, is contractual, and, under the pleadings, could not be contradicted or added to by parol evidence.  These recitals evidence the terms of the con-

tract between the parties, and it is not permissible to vary them under the guise of showing the true consideration. 17 Texas Jur., Sec. 388, pp. 854-857. The effect of the acceptance by the Association of the deed was to release Baze and White from all liability on the note, and it was not entitled to judgment against them thereon.

The question of whether there was such a merger of title in the Association that its lien was extinguished as between it and appellee, a junior lienholder, is an altogether different question. Counsel for appellant regard it as being certified in the fourth question, and their briefs are devoted entirely to that issue. Treating that question as calling for an expression by this court of its views on the issue of merger, as between the Association and Overton, the junior lienholder, we express our views as follows:

■ When a mortgagor conveys the mortgaged premises to the mortgagee in consideration of the cancellation or payment of the note for which the mortgage was given as security, the question of whether a merger of the two estates will result is determined by this test: Would it be more just to declare a merger or to keep the two estates separate? Whenever, by reason of the existence of a junior incumbrance, it is to the interest of the mortgagee to keep the estates separate, they will not be regarded as merged. It has been many times stated that the intention of the mortgagee is the determining factor. In this State that rule, in its literal meaning, is inaccurate, for it is presumed, as a matter of law, that he intended to keep the estates separate, if that course is essential to maintain his priority over a junior incumbrancer. Silliman v. Gammage, 55 Texas, 365; Browne v. King, 111 Texas, 330, 235 S. W., 522; R. B. Spencer & Co. v. May, 78 S. W. (2d) 665 (Writ Ref.). It is immaterial, as between the senior and junior lienholders, whether the mortgagee retains the note and mortgage in his possession or surrenders them to the mortgagor. It is likewise immaterial whether or not the deed of conveyance from the mortgagor to the mortgagee recites, as did the one in the instant case, that the cancellation of the note and mortgage was a part of the consideration for the conveyance.

■ It is often true, as no doubt it was in the instant case, that it is decidedly to the advantage of the mortgagor and mortgagee to avoid the necessity of a foreclosure suit by a conveyance of the premises to the mortgagee. A rule penalizing them

for so doing would be contrary to our policy that litigation is not to be encouraged. The junior lienholder suffers no injury thereby, but is in the same position as if there had been a foreclosure without his having been made a party. His equity of redemption is not affected, neither is his lien thereby elevated to a first lien.

Our answer to the fourth question is that the recitation in the White deed is not conclusive on the issue of the Association's intention to merge the two estates.

Opinion adopted by Supreme Court October 23, 1935.