## FIRST NAT. BANK IN WELLINGTON v. McCLELLAN.

### No. 4699.

Court of Civil Appeals of Texas. Amarillo.

Feb. 1, 1937.

Rehearing Denied April 26, 1937.

James C. Mahan, of Childress, and Luther Gribble, of Wellington, for appellant.

Wilson, Randal & Kilpatrick, of Lubbock, for appellee.

HALL, Chief Justice.

The appellee, Len McClellan, sued F. O. Smith, Tip Mooney, and First National Bank in Wellington in trespass to try title to recover the north one-half of section 690, block D, in Yoakum county. He alleged that T. C. Spearman is the comomn source of title; that F. O. Smith purchased the land and assumed the payment of notes numbered 2 and 7 of a series of notes for $285 each, and that Smith also executed certain other notes not necessary to be described, and further as part of the consideration assumed the balance of the original purchase price due the State of Texas; that the notes executed by Smith were duly assigned to appellee, McClellan; that Smith defaulted in the payment of said notes, and appellee agreed to accept a deed from Smith and wife conveying the land and to cancel the notes executed by Smith; that the deal was consummated; that Smith conveyed the land to appellee and said notes were canceled, after which appellee took possession of the property; that thereafter appellee paid the two $285 notes which Smith had assumed; that at some time unknown to appellee the said Smith and wife executed a mineral deed to Tip Mooney, conveying a one-half interest in and to all oil, gas, and other minerals in and under said land, which deed was filed in Yoakum county February 28, 1927; that appellee had already agreed with Smith, on February 24, 1927, to accept a deed to said land and cancel said notes; that Mooney conveyed the one-half of said mineral estate to appellant bank herein,

which conveyance was filed in Yoakum county February 8, 1935.

Appellee pleaded that said mineral deed constituted a cloud upon his title, and prayed that it be removed. He further prayed, in the alternative, for a foreclosure of his lien upon all of the land in satisfaction of his debt, and for the recovery of title to all of said land.

The appellant pleaded not guilty, and alleged that at the time Smith (who has not appealed) purchased the property involved from H. C. Raphelt, on March 2, 1925, he assumed the payment of two notes in the sum of $285 each which had been given as part of the purchase price, and executed and delivered to Raphelt one note for $214, one for $220, seven for $300 each, and one for $100, and also assumed the payment of an indebtedness of $1,560 payable to the State of Texas; that all of said items of indebtedness were secured by a vendor's lien against the property involved in this suit; that Smith had defaulted in the payment of the debts, the interest, and taxes, and alleged that Smith was unable to pay the same; that in 1927, at the request of defendant Smith, appellee agreed to accept a deed to the property in cancellation of the indebtedness, and surrender of the purchase-money notes which the appellee had acquired from Raphelt, all ten of them being still unpaid.

Appellee further pleaded that the conveyance of the premises was for the purpose of saving the time and expense of foreclosure and in lieu of foreclosure, and was made with the intention to vest title to the property in appellee, unencumbered except as to the state debt and the two notes for $285 each assumed by Smith.

Appellee further pleaded that with all of the vendor's lien notes of record, including the transfer to the appellee of the ten notes executed by Smith to Raphelt, appellee, at Smith's request, agreed to take the property and relieve Smith of his obligation; that Smith delivered his deed conveying the property to the appellee, which was dated February 19, 1927, and acknowledged on February 26, 1927, conveying the property in cancellation of the indebtedness as aforesaid and the surrender of the ten notes; that thereafter appellee paid the other outstanding vendor's lien notes, paid all delinquent taxes, and executed to the State of Texas new purchase-money notes.

The appellee further pleaded that shortly before he filed this suit on December 7, 1935, he learned that a deed had been filed for record, purporting to have been executed by Smith to Mooney on February 24, 1927, which was five days after the date of Smith's deed to appellee and two days before it was acknowledged, and that deed purported to convey to Mooney an undivided one-half interest in the minerals in the land involved.

Appellee pleaded further that the appellant was claiming the mineral rights through a deed dated November 16, 1934, from Mooney to the bank, executed about seven and one-half years after the appellee had acquired title from Smith and had his deed recorded. He pleaded the proper registration of liens; actual and constructive notice to the defendants of the rights to which he became subrogated; that he was ignorant of any of the alleged transactions among the defendants, and of the fraudulent purposes on the part of defendants; and prayed in the alternative for a foreclosure.

■ The appellee objects to a consideration of appellant's brief because no copy was filed in the trial court, and the brief was not filed in this court within the time required by R.S. art. 2283, and moves that the appeal be dismissed for this reason. No previous motion has ever been made to strike the briefs because they were not filed in time, and this constitutes a waiver. It appears that appellee has had full time in which to brief the case, and has not been injured, so the motion is overruled.

■ Appellee further insists that the case is not properly before us for consideration because appellant does not attack the judgment nor the sufficiency of the evidence, and is bound by the actual and implied findings of the court; that there is no offer to redeem, and no allegation that any such offer was ever made.

The record shows that appellant duly excepted to the judgment. This is a sufficient basis upon which appellant may attack the judgment upon legal grounds and question the sufficiency of the evidence to support it. 3 Tex.Jur. §§ 163, 415; R.S. art. 2210.

■ The appellant has briefed the case upon the mistaken theory that appellee, McClellan, is seeking to foreclose his vendor's lien upon the land, and insists that the rule which obtains in foreclosure proceedings where the mortgagor has sold separate parcels of the mortgaged property that the court should order the property sold in the inverse order of alienation. That rule can

have no application to this case because when the mortgagor, Smith, conveyed all of the property to McClellan by deed dated February 19, 1927, which was acknowledged February 26, 1927, he divested himself of all title both to the surface and mineral estate, unless it can be held that his deed to Mooney of a half interest in the mineral estate, dated February 24, 1927, acknowledged the same day, and filed for record February 28, 1927, can be given the effect of transferring the interest in such mineral estate to Mooney. This interest was afterwards acquired by the appellant bank. The deed from Smith to McClellan was in effect a foreclosure of Smith's liens by agreement of the parties, but it did not have the effect of merging the legal and equitable titles in McClellan, since the equitable rule which obtains in mortgage foreclosures, where the mortgagor, after the execution of the lien, has sold the property or a portion thereof in separate parcels, does not apply. The remedies of the parties interested in the land rest upon a different basis and must be enforced through different proceedings.

This question arose in the case of North Texas Bldg. & Loan Ass'n v. Overton, 126 Tex. 104, 86 S.W.(2d) 738. In that case, the mortgagor conveyed the mortgaged premises to the mortgagee in consideration of the cancellation or payment of notes secured by the mortgage, and the court held that where there was such a conveyance the mortgagee's intent to keep the two estates separate is presumed as a matter of law where such course is essential for maintenance of mortgagee's priority over the junior encumbrancer, regardless of whether the mortgagee retains note and mortgage or surrenders them to the mortgagor, and also regardless of whether the deed recites that the cancellation of the note and mortgage was part of the consideration for the conveyance. A conveyance under such circumstances does not give priority to a purchaser of a part of the property with notice of the liens, even though he purchased before the property was reconveyed to the holder of the mortgage debt in satisfaction thereof. Tankersley v. Jackson (Tex.Civ. App.) 187 S.W. 985.

In such cases the courts hold that equity will not permit a merger of the two estates, but will keep the notes and lien alive, and that the mortgagee or holder of the mortgage indebtedness may foreclose the liens, subject to the right of the subsequent purchaser of a part of the property to redeem.

Taylor v. Turner (Tex.Civ.App.) 230 S.W. 1031.

In the instant case McClellan pleaded: "In the alternative, if the defendants have any interest in said property, which is denied, then such interest is inferior to the right, title, and interest of the plaintiff, and in such event the court in the exercise of its equity powers should set aside the deed executed by the defendant, F. O. Smith, to the plaintiff and foreclose the plaintiff's liens in satisfaction of the amount of the plaintiff's debt and the amounts paid by him on the other valid secured debts, as hereinbefore set out, together with interest from February 19, 1926, (1927) on all of said debts and ten per cent attorney's fees, and in such event plaintiff alleges that he has placed said debts in his attorney's hands for collection."

■■ The record shows that the deed from Smith to Mooney, conveying a half interest in the mineral estate of the land involved, had been executed two days before Smith's deed to McClellan was acknowledged. The record is not clear as to the dates of the various transactions, but if the sale of one-half of the mineral estate was made in good faith, then the bank, as the grantee of Mooney, has the right to redeem under the rule announced in the Overton Case, supra. This is a question of fact which we cannot determine.

We think the judgment is erroneous in that it decrees to McClellan the title and possession of the land in his action of trespass to try title unless the sale from Smith to Mooney of the mineral rights was void. That question has not been decided. If the transactions between Smith and Mooney, and Mooney and the bank, are bona fide, then the court erred in canceling the deeds, which had the effect of destroying the bank's equity of redemption.

We believe that a proper disposition of the case is to reverse the judgment and remand it for a new trial in order that the issue of the bank's right to redeem, if it sees fit to exercise that equitable right, may be heard and determined. In the event it should be decided that Mooney and the bank did not acquire the mineral lease in good faith, and the bank does not offer to redeem, judgment should be in favor of the plaintiff, foreclosing the liens and ordering the property sold for the satisfaction of his judgment.

Reversed and remanded, with instructions.