James W. JONES and Ronald R. Calhoun, Appellants,

v.

Virginia S. FORD, Appellee.

No. 6826.

Court of Civil Appeals of Texas, El Paso.

May 23, 1979.

Opinion on Motion for Rehearing Denied June 13, 1979.

Calhoun, Morton, Deason & Preslar, Ronald R. Calhoun, Fred J. Morton, El Paso, for appellants.

Long & Koehler, Ward L. Koehler, El Paso, for appellee.

## OPINION

OSBORN, Justice.

This is an appeal from a summary judgment in a trespass to try title case which involves the respective rights of one party claiming under a deed of trust lien and other parties claiming under a subsequent sheriff's deed following an execution sale. The trial Court entered judgment foreclosing the lien for the party claiming under the deed of trust. We affirm.

On February 25, 1969, Philip Walizer gave a 180-day promissory note to Virginia Ford to evidence an existing debt on an open account. The note for $1,885.76 was secured by a deed of trust lien on two lots in El Paso County. The deed of trust was filed of record in the County Clerk's office on February 12, 1970.

On June 19, 1970, El Paso Brick Company obtained a judgment against Mr. Walizer for $1,204.12. Execution was issued, a levy and sale was had, and a sheriff's deed conveying the two lots was recorded on October 30, 1970. The Brick Company conveyed the two lots to the Appellants, Jones and Calhoun, by warranty deed dated September 29, 1970, which deed was recorded on May 5, 1971.

Mr. Walizer, being unable to pay his note to Virginia Ford, executed a quitclaim deed on May 5, 1972 conveying to her the two lots. This deed was recorded on August 25, 1975. The quitclaim was accepted in satisfaction of the indebtedness evidenced by the 1969 promissory note.

The Appellants contend in their first two points of error that the trial Court erred in finding that the Appellee had a valid and subsisting lien on the property in question because there is a presumption that the debt was paid and because there had been no valid extension and renewal of the debt. Article 5520, Tex.Rev.Civ.Stat.Ann., provides that all actions for recovery of real estate by virtue of any deed of trust lien on real estate shall be instituted within four years after the cause of action shall have accrued, and not afterward. It further provides that after four years payment of such lien debts shall be conclusively presumed to have been made, and the lien for security of same and any power of sale for the enforcement thereof shall be void and cease to exist, unless such lien is extended by written agreement as provided by law. There has been no extension and renewal. Article 5539, Tex.Rev.Civ.Stat.Ann., requires that an acknowledgment of a debt barred by limitations be in writing and signed by the party. Appellee contends the quitclaim deed meets this requirement. It does not. The deed does not even mention, much less acknowledge or agree to pay, the debt owed by Walizer to Ford.

But, that is not a controlling issue because we conclude that the issue of limitations is not involved in a proper determination of this suit. At the time the Appellants received their title, the deed of trust

was of record and limitations had not run on the note. They took title subject to the rights and the lien of the Appellee. At the time of the deed from Walizer to Appellee on May 5, 1972, the note was not barred by limitations.

We hold that the deed had the same effect as a foreclosure of the deed of trust lien and perfected the lien rights in favor of Appellee. This issue was before the court in *North Texas Building & Loan Ass'n. v. Overton,* 126 Tex. 104, 86 S.W.2d 738 (1935), and in that case the court said:

> It is often true, as no doubt it was in the instant case, that it is decidedly to the advantage of the mortgagor and mortgagee to avoid the necessity of a foreclosure suit by a conveyance of the premises to the mortgagee. A rule penalizing them for so doing would be contrary to our policy that litigation is not to be encouraged. The junior lienholder suffers no injury thereby, but is in the same position as if there had been a foreclosure without his having been made a party. His equity of redemption is not affected, neither is his lien thereby elevated to a first lien.

The court in that opinion noted that the conveyance does not operate as a merger of title where it is necessary to protect a first lien over a junior incumbrancer. In addition, the court also said:

> It is immaterial, as between the senior and junior lienholders, whether the mortgagee retains the note and mortgage in his possession or surrenders them to the mortgagor. It is likewise immaterial whether or not the deed of conveyance from the mortgagor to the mortgagee recites, as did the one in the instant case, that the cancellation of the note and mortgage was a part of the consideration for the conveyance.

The *Overton* decision has been followed in *First Nat. Bank in Wellington v. McClellan,* 105 S.W.2d 394 (Tex.Civ.App.—Amarillo 1937, no writ); *Baker v. Marable,* 396 S.W.2d 222 (Tex.Civ.App.—El Paso 1965, writ ref'd n. r. e.); and *Viking Enterprises, Inc. v. Boyd,* 430 S.W.2d 944 (Tex.Civ.App. —Corpus Christi 1968, no writ).

Since the deed has the effect of foreclosure, the lien rights in favor of the Appellee were perfected prior to limitations having run on the note and Article 5520 has no application. Points of error 1 and 2 are overruled.

The next two points of error assert that the trial Court erred in holding that the Appellee was entitled to have her lien foreclosed on the two lots because the Appellee's claim to an interest in the real estate was barred by the three and five year statutes of limitations. The summary judgment proof does establish that the Appellants claim their title under a duly recorded deed and that they have paid all taxes on the property since 1970. But both Article 5507, Tex.Rev.Civ.Stat.Ann., and Article 5509, Tex.Rev.Civ.Stat.Ann., require that a party asserting a claim of adverse possession establish that they have been in peaceable and adverse possession for the periods of time specified. In *Vaughan v. Anderson,* 495 S.W.2d 327 (Tex.Civ.App.—Texarkana 1973, writ ref'd n. r. e.), the court discussed the obtaining of title by adverse possession and said:

> To establish title by adverse possession it is essential that there be more than mere claim of title and lack of overt claim on the part of others. The claimant must establish continuous and uninterrupted cultivation, use or enjoyment of the land. * * *

> Our courts have uniformly held that sporadic, irregular and occasional use of land does not satisfy the statutes. * *

> Even the maintenance of fences around the land and the placing of other improvements on the land, unaccompanied by actual occupancy or open use, does not constitute such adverse possession as will satisfy the statutes. * * *

> Even regular and consistent use every year for the statutory period in a manner peculiarly adapted to the nature of the land, is not sufficient if there are substantial periods of time when the land is not in actual use. * * *

In this case, the only statement in the summary judgment evidence which might be construed to show adverse possession is the statement "That during all of this time, we considered ourselves owners of the property in question as evidenced by the fact that each year, we paid all of the taxes on the property, and that on several occasions we did attempt to find buyers for the property, the property being unimproved real estate, and did on at least three separate occasions attempt to sell the property to builders." Assuming such conduct occurred throughout the period from 1970 to 1976, we do not find that this conduct is sufficient to even raise a fact issue of such adverse possession as will satisfy the statutes relied upon.

It should also be noted that insofar as concerns the three-year statute of limitations, this statute cannot be imposed as a bar to a recorded lien. *Moerbe v. Beckmann,* 132 S.W.2d 616 (Tex.Civ.App.—Austin 1939, error dism'd jdgmt. correct). The Appellants' points of error 3 and 4 are overruled.

The judgment of the trial Court is affirmed.

PRESLAR, C. J., not sitting.

## ON MOTION FOR REHEARING

The Appellants urge in their motion for rehearing that the case has been decided on a new and different theory than the one presented by the parties and that our opinion "amounts to appeal by ambush."

When we look at the issues presented to the trial Court, we find paragraph VII of the Plaintiff's Original Petition alleges in part:

Plaintiff is the legal and equitable holder and owner of said note and indebtedness, and though action on said note would under normal circumstances be barred by the Statute of Limitations, said note and the Deed of Trust securing same remain in full force and effect as the result of the conveyance or attempted conveyance by the said PHILIP WALIZER to Plaintiff of the property described

herein at a time before limitations had run, * * *.

In the Plaintiff's Motion for Summary Judgment, the following is set forth:

When Mr. Walizer attempted to convey the property to Plaintiff by Quitclaim Deed at a time when the Deed of Trust previously given to her was of record and alive, he may have had no interest to convey because of the Sheriff's sale, but the Deed nonetheless had the effect of keeping alive the Deed of Trust lien as against any intervening lienholder or purchaser for value. *Silliman v. Gammage,* 55 Tex. 365 (Tex.Sup.Ct., 1881); *King, et al. v. Brown,* [80 Tex. 276, 16 S.W. 39 (Tex.Sup.Ct., 1891); *Willis v. Heath,* 18 S.W. 801 (Tex.Sup.Ct., 1891); *North Texas Building & Loan Ass'n. v. Overton,* [126 Tex. 104], 86 S.W.2d 738 (Tex.Comm. App., 1935); *First National Bank in Wellington v. McClellan,* 105 S.W.2d 394 (Tex. Civ.App., Amarillo, 1937, no writ hist.). * * *.

The case which we relied most heavily upon, *North Texas Building & Loan Ass'n. v. Overton,* 126 Tex. 104, 86 S.W.2d 738 (1935), is a case cited to the trial Court in the above motion filed in January, 1978. *First Nat. Bank in Wellington v. McClellan,* 105 S.W.2d 394 (Tex.Civ.App.—Amarillo 1937, no writ), which we cited in our opinion was also cited to the trial Court. Since we reached the same results as the trial Court based upon the quoted allegations and cited cases, we cannot agree that the case has been decided on a new theory.

We recognize that Appellee did contend in this Court that the quitclaim deed had the effect of extending and renewing the deed of trust lien. We have rejected that theory. While Appellee may not have contended that the quitclaim deed had the same effect as a foreclosure, she did contend that the deed kept the lien alive and relied upon the cases which support that position.

We have considered the five assignments of error in the Motion for Rehearing and they are all overruled.

PRESLAR, C. J., not sitting.