## HAMPTON v. KING.
### No. 4468.

Court of Civil Appeals of Texas. Amarillo.

Sept. 30, 1935.

Rehearing Denied Nov. 11, 1935.

W. D. Hollars, of Vernon, for appellant.

J. Shirley Cook, of Vernon, for appellee.

JACKSON, Justice.

On March 19, 1925, J. R. Crawford and wife conveyed lots Nos. 9, 10, and 11, in block No. 37 of the original town of Vernon to J. Scott Hall, who, as part of the consideration therefor, executed three vendor's lien notes, each in the sum of $533.33, payable to E. L. Vaughn. Thereafter J. Scott Hall conveyed said lots to W. B. Hanks who assumed the payment of said notes. On August 10, 1927, these notes, together with the lien securing their payment, were, for a valuable consideration, transferred by E. L. Vaughn to J. P. King.

On March 30, 1927, W. P. Hanks executed his note for the sum of $1,150, payable to J. P. King, the payment of which was secured by a deed of trust lien against said lots Nos. 9, 10 and 11.

On June 29, 1926, W. B. Hanks conveyed the east two-thirds of lot No. 8 in block No. 44 of the Robinson addition to the town of Vernon to Leona Maude Richards, who assumed the payment of four certain notes aggregating the sum of $3,-557.57 owned by J. P. King. The deed retained a vendor's lien to secure the payment of said sum.

On April 14, 1927, Leona Maude Richards executed to R. M. Hampton, doing business under the name of Hampton Metal & Plumbing Company, a note for $220, bearing interest at the rate of 10 per cent. per annum, and providing for 10 per cent. additonal as collection fees, and to secure the payment thereof executed a material-man's lien on the east two-thirds of said lot No. 8.

On January 1, 1931, W. B. Hanks, a single man, and Leona Maude Richards, a feme sole, as grantors, conveyed to J. P. King lots Nos. 9, 10, and 11 in block No. 37 of the original town of Vernon, and the east two-thirds of lot No. 8 in block No. 44 of the Robinson addition to the town of Vernon, the consideration therefor to be paid as follows: "Cash in hand paid, the receipt of which is hereby acknowledged, and the further consideration of the novation, settlement and discharge of all notes, debts, claims and demands owing the said J. P. King by us or either of us, aggregating the approximate sum of $3600.00."

The appellant, R. M. Hampton, on January 7, 1929, instituted this suit in the district court of Wilbarger county against Leona Maude Richards to recover the $220 evidenced by his note, with interest and attorney's fees, and to foreclose his lien on said east two-thirds of said lot 8 against Leona Maude Richards, and the appellee, J. P. King.

Leona Maude Wafer (formerly Leona Maude Richards) and her husband, R. E. Wafer, who was joined pro forma, though duly cited defaulted, but the court decreed that no personal judgment be rendered against either of them, of which action of the court there is no complaint.

Appellee answered by general demurrer, general denial, pleaded in detail the transactions between Leona Maude Richards

and W. B. Hanks and his transactions with each of them; alleged that there was a balance of about $1,700 due and unpaid on the notes assumed by Leona Maude Richards in the deed to her by W. B. Hanks conveying the east two-thirds of said lot 8; alleged his lien to be superior to the lien of appellant, and sought a judgment for such balance and a foreclosure of his lien as first and superior to the lien of appellant against the east two-thirds of said lot.

In response to special issues, the jury found in effect that appellee, King, accepted the conveyance of the 'east two-thirds of lot 8 in block 44. deeded to him by W. B. Hanks and Leona Maude Richards, in full satisfaction of all obligations and liens then held by him on said lot against W. B. Hanks and Leona Maude Richards, and intended thereby to release the said Hanks and Richards from all further liability on such obligations; that there had been paid on the four notes described in the deed from W. B. Hanks conveying the east two-thirds of lot 8 to Leona Maude Richards the sum of $2,-387.55 when the deed was made to the appellee by W. B. Hanks and Leona Maude Richards.

On these findings the court rendered judgment that appellee have and recover the sum of $1,693.95 and a foreclosure of his lien as a first and superior lien, against the east two-thirds of said lot 8; that R. M. Hampton recover the sum of $426.21, with a foreclosure of his materialman's lien against said property, subject to the lien of appellee, King.

The first question presented for determination is whether, under the doctrine of merger, appellee's lien on the land was extinguished by his acceptance of the conveyance to him of title thereto by the mortgagors, W. B. Hanks and Leona Maude Richards.

"When an inferior title is vested in the holder of a superior title, the inferior title is merged in the superior, and thereby ceases to exist." 17 Tex. Jur. par. 25, p. 120; West v. McCelvey Loan & Investment Co. (Tex. Civ. App.) 229 S. W. 913.

"Merger is the absorption or extinguishment of one estate or contract in another and is largely a question of intention, to a great extent depending on the circumstances surrounding each particular case."

Bates v. Lefforge (Tex. Com. App.) 63 S.W.(2d) 360, 363.

"While it is the general rule that, when the title to the land and the mortgage debt become vested in the same person, the mortgage is merged in the title, and becomes extinguished, yet the mortgage may be kept alive for the protection of the purchaser of the title, and there will be no merger contrary to the intention of the parties." York v. Robbins, et al. (Tex. Com. App.) 255 S. W. 720, 721, and authorities cited.

If a mortgagee accepts a conveyance of land from the mortgagor, there is a strong presumption that he intends to preserve the existence of the mortgage. However, as said by Chief Justice Gaines in Harris v. Masterson, 91 Tex. 171, 41 S. W. 482, 483:

"In such a case the legal and equitable title unite in the mortgagee, and, if he waives his claim to the mortgage debt, all adverse claims against the mortgaged premises are extinguished. * * * The rule, however, seems to be that ordinarily, where the mortgagee acquires the equity of redemption in the land, he may elect to treat the mortgage as merged, or as still in existence, as his interest may require; provided this may be done without prejudice to the rights of third parties, and there be no agreement to the contrary."

"The question whether or not the parties intended that a merger of estate should take place is a question of fact." York v. Robbins, supra.

The intention of appellee as contained in the deed is expressed in the following adequate and pertintent language: "And the further consideration of the novation, settlement and discharge of all notes, debts, claims and demands owing the said J. P. King by us, or either of us."

There are four essentials of novation, one of which is "the extinguishment of the old contract." 46 C. J. par. 11, p. 578.

The conveyance "in settlement and discharge of all notes, debts, claims and demands" acknowledged the payment thereof, and thereby released the liens.

"The mortgage is treated in equity, as so completely incidental to the debt which it is intended to secure, that it is held, that the payment of the debt extinguishes the mortgage, and that without any release

from the mortgagee." Perkins v. Sterne, 23 Tex. 561, 76 Am. Dec. 72; State of Texas et al. v. Glenn, 118 Tex. 334, 342, 13 S. W.(2d) 337, 15 S.W.(2d) 1028.

The finding of the jury that the conveyance was in full "satisfaction of all obligations and liens," and intended by appellee as a release "from all other and further liability on such obligations," is not questioned and is amply supported by the evidence.

Under the record, the trial court erred in holding that the asserted lien of appellee was superior to the materialman's lien of appellant.

The judgment is therefore reversed and here rendered, decreeing appellant's lien to be a first lien on the property, and that the same be and is hereby foreclosed; that the east. two-thirds of said lot No. 8 be sold in satisfaction of such debt and the proceeds of such sale applied first to the payment of costs and second to the satisfaction of appellant's debt, with his interest, and the balance, if any, to J. P. King.