## J. P. KING v. R. M. HAMPTON.

No. 7053.  Decided February 16, 1938.
(113 S. W., 2d Series, 173.)

*J. Shirley Cook,* of Vernon, and *Works & Bassett,* of Amarillo, for plaintiff in error.

It being essential to the security of plaintiff in error (King) against the intervening lien of defendant in error (Hampton) that his mortgage title not be merged with the title to the property and there being no evidence that he intended to extinguish his mortgage lien, his real interest to hold the legal and equitable titles separately, and the defendant in error having suffered no injury by King accepting a deed to the property, said estates will not be regarded as merged. Washington Furn. Co. v. Potter, 188 N. C. 145, 124 S. E. 122; Purdon v. Broach, 210 Ky. 161, 275 S. W. 365; 19 R. C. L. 489.

*W. D. Hollers,* of Vernon, for defendant in error.

Plaintiff in error King, having accepted the conveyance of the property, and acknowleged in the deed, in addition to the cash consideration that it was in settlement of notes, debts, etc., owing to him, and the jury having found that said conveyance released the said defendant in error of liability, it was not error for the Court of Civil Appeals to find that King's first lien was merged in the property conveyed. York v. Robbins, 255 S. W. 720; 29 Tex. Jur. 898.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

On August 10, 1927, plaintiff in error J. P. King became the owner of three notes for the sum of $533.33 each, secured by a vendor's lien upon Lots Nos. 9, 10 and 11 in Block No. 37 of the original town of Vernon. These notes were dated March 19, 1925. They were originally executed by J. Scott Hall, but had been assumed by W. B. Hanks, who acquired the lots mentioned. On March 30, 1927, Hanks executed a note to King for $1,150.00, and secured it by deed of trust upon said lots.

On June 29, 1926, W. B. Hanks conveyed the east two thirds of Lot No. 8 in Block No. 44 of the Robinson Addition to the town of Vernon to Leona Maude Richards. The grantee assumed the payment of four notes owned by J. P. King, aggregating $3,557.57, and a vendor's lien was retained in the deed by Hanks in favor of King to secure payment of these notes.

On April 14, 1927, Leona Maude Richards executed to defendant in error R. M. Hampton a note for $220.00 with interest at 10 per cent. and to secure this note executed a mechanic's lien upon the east two thirds of Lot No. 8 mentioned above, against which there existed the vendor's lien in favor of King.

Default was made in payment of some or all of the indebtedness due by Hanks and Leona Maude Richards to King, and on January 1, 1931, they executed to King a deed conveying Lots Nos. 9, 10 and 11 and the east two thirds of Lot No. 8, which conveyance recited a payment of $10.00 and contained the following recital:

"Cash in hand paid, the receipt of which is hereby acknowledged, and the further consideration of the novation, settlement and discharge of all notes, debts, claims and demands owing the said J. P. King by us or either of us, aggregating the approximate sum of $3600.00."

The present suit involved a contest between Hampton as owner of the mechanic's lien on the east two-thirds of Lot No. 8 and King as owner of the prior vendor's lien on said lot. It was claimed by Hampton that as King had accepted a conveyance from Hanks and Leona Maude Richards of the properties securing his lien, which contained the recital set out above, his lien became merged with the title to the land, or became discharged, leaving Hampton's mechanic's lien in full force and effect. The district court rendered judgment in favor of plaintiff in error King against Leona Maude Wafer (formerly Leona Richards), for the sum of $1,693.95, for the purpose of foreclosure only, and not as a basis for personal liability. The court foreclosed the vendor's lien against said east two thirds of Lot No. 8 to satisfy said judgment. Judgment was rendered in favor of defendant in error Hampton for $426.21, with foreclosure of his mechanic's lien against said property, subject, however, to the foreclosure in favor of plaintiff in error. The Court of Civil Appeals reversed this judgment, and allowed defendant in error foreclosure of his lien on the ground that plaintiff had lost his vendor's lien by acceptance of the deed,

and defendant in error's lien became superior. 87 S. W. (2d) 319.

No doubt at the time the opinion of the Court of Civil Appeals was rendered it did not have advantage of the opinion of the Supreme Court in the case of North Texas Building & Loan Association v. Overton, 86 S. W. (2d) 738. After a careful consideration of the facts of the present case we are unable to find any substantial difference between it and the case just above mentioned. In that case, nothwithstanding recitals in the deed of conveyance and a finding of the jury almost identical with the finding in this case, it was said:

"Whenever, by reason of the existence of a junior incumbrance, it is to the interest of the mortgagee to keep the estates separate, they will not be regarded as merged. It has been many times stated that the intention of the mortgagee is the determining factor. In this State that rule, in its literal meaning, is inaccurate, for it is presumed, as a matter of law, that he intended to keep the estates separate, if that course is essential to maintain his priority over a junior incumbrance."

So in this case we hold that, as a matter of law, plaintiff in error's prior lien was not lost by merger, and the judgment of the trial court was correct.

The judgment of the Court of Civil Appeals is reversed, and the judgment of the district court is affirmed.

Opinion adopted by the Supreme Court February 16, 1938.