**VIKING ENTERPRISES, INC., et al.,**
**Appellants,**

v.

**Marvin BOYD, d/b/a Marvin Boyd Fine**
**Furniture, Appellee.**

**No. 374.**

Court of Civil Appeals of Texas.

Corpus Christi.

July 31, 1968.

Butler, Schraub & Gandy, Francis I. Gandy, Jr., Corpus Christi, for appellants.

Rhodes & Garner, Tom Garner, Jr., Port Lavaca, for appellee.

OPINION

NYE, Justice.

Plaintiff brought suit to enforce a judgment lien against certain property in Calhoun County, Texas. The case was tried before a jury and based on answers to special issues, judgment was rendered for the plaintiff.

The property made the subject matter of this suit was first conveyed from F. B. Gumm to Perry Horine and John T. Webb, d/b/a Viking Enterprises, a partnership, in August, 1963. The grantee gave Gumm a promissory note covering a portion of the purchase price and grantor Gumm retained a vendor's lien and received a deed of trust securing the balance due on the purchase of the property. Later, Horine and Webb, as partners, deeded the property to Viking Enterprises, Inc., subject to the outstanding vendor's lien and the deed of trust lien. About a year later, in January, 1965, Marvin Boyd, d/b/a Marvin Boyd Fine Furniture was awarded a judgment against Viking Enterprises, Inc. Boyd abstracted the judgment and recorded the same which then became a second lien on this property. In February, 1966 Gumm, original grantor and holder of the senior purchase money lien and deed of trust lien, transferred and assigned the note and his liens to Garland H. Gee. Later, on February 22, 1966, Viking Enterprises, Inc. executed a warranty deed on the subject property, conveying the property to Garland H. Gee. This deed recited as consideration

"* * * the termination and cancellation of all unpaid amounts due or to become due on a certain note as hereinafter described,[1] and of all liens executed in pursuance thereof, and all as now owned by the said Garland H. Gee, of the County of Gillespie, State of Texas, and covering the hereinafter described land and premises, and which said note, land, and liens are more fully set forth as follows: * * *"

The deed was executed and filed with the county clerk, apparently without Gee's knowledge or consent. Some three weeks later Gee, by affidavit, disavowed acceptance of the deed from Viking Enterprises, Inc. Gee immediately started foreclosure proceedings under his deed of trust. The original trustee of the deed of trust resigned and a substitute trustee was appointed. The property was sold according to the terms of the deed of trust and Gee deeded the property to the purchasers, Tom J. Petrucha and his wife. Boyd, in this suit, made all of the above mentioned parties defendants, with the exception of Gumm, and they are now before us in this Court as appellants.

Appellee Boyd's position throughout the trial of the case and here on appeal is: that the deed from Viking Enterprises, Inc. to Garland H. Gee in consideration of cancellation of the indebtedness owed on the property, and his subsequent acceptance of the deed, merged the legal and equitable title to the land, thereby elevating appellee's judgment lien to a first and superior lien; this authorized the trial court to enter judgment foreclosing Boyd's lien on the subject property. The case was submitted to the jury on these three special issues:

"SPECIAL ISSUE NO. 1

"Do you find from a preponderance of the evidence that Perry Horine, as President of Viking Enterprises, Inc., on February 22, 1966, executed and delivered a deed to Garland H. Gee conveying a 210' x 210' tract of land, in the M. Sanchez League, Calhoun County, Texas, in consideration of the cancellation of the note and liens owned by Garland H. Gee?

To which the jury answered 'Yes' "
  "SPECIAL ISSUE NO. 2

"Do you find from a preponderance of the evidence that the Affidavit executed by Garland H. Gee disclaiming acceptance of the deed from Viking Enterprises, Inc. was an attempt to avoid the rights of Marvin Boyd as a judgment creditor of Viking Enterprises, Inc.?

To which the jury answered 'Yes'."

  "SPECIAL ISSUE NO. 3

"Do you find from a preponderance of the evidence that Garland H. Gee did not accept the deed from Viking Enterprises, Inc., executed on February 22, 1966?

To which the jury answered 'He did'."

It is appellee's contention that based on the answers of the jury to these issues he is entitled to affirmance of the trial court's judgment.

Appellant argued throughout the trial and again here on appeal in a number of points that Gee's first and prior lien on the subject property was not lost by a merger and the judgment of the trial court was incorrect as a matter of law. We agree with this contention.

Boyd's lien was second, junior and inferior to the purchase money vendor's lien and deed of trust held by the grantor originally. The conveyance of the property from the Viking Enterprises, Inc. back to the grantor's assignee Gee, did not change Boyd's position as a second lien-holder nor did it in any way cause Boyd to suffer injury by such conveyance. If, on the other hand, a merger had taken place, Gee's lien

---

1. This was the original purchase money note from Perry Horine and John T. Webb to F. B. Gumm.

would lose its priority to Boyd's judgment lien. There was no evidence in this record that Gee intended to surrender his superior vendor's lien to an intervening judgment lien.

The Commission of Appeals in the case of North Texas Building & Loan Ass'n v. Overton, 126 Tex. 104, 86 S.W.2d 738 (Tex. Com.App.1935), opinion adopted by the Supreme Court, stated what we believe to be the applicable law in this case:

"When a mortgagor conveys the mortgaged premises to the mortgagee in consideration of the cancellation or payment of the note for which the mortgage was given as security, the question of whether a merger of the two estates will result is determined by this test: *Would it be more just to declare a merger or to keep the two estates separate?* Whenever, by reason of the existence of a junior incumbrance, it is to the interest of the mortgagee to keep the estate separate, they will not be regarded as merged. It has been many times stated that the intention of the mortgagee is the determining factor. In this state that rule, in its literal meaning, is inaccurate, for *it is presumed, as a matter of law, that he intended to keep the estates separate, if that course is essential to maintain his priority over a junior incumbrancer.* Silliman v. Gammage, 55 Tex. 365; Browne v. King, 111 Tex. 330, 235 S.W. 522; R. B. Spencer & Co. v. May (Tex. Civ.App.) 78 S.W.(2d) 665 (writ ref.). It is immaterial, as between the senior and junior lienholders, whether the mortgagee retains the note and mortgage in his possession or surrenders them to the mortgagor. It is likewise immaterial whether or not the deed of conveyance from the mortgagor to the mortgagee recites, as did the one in the instant case, that the cancellation of the note and mortgage was a part of the consideration for the conveyance.

"It is often true, as no doubt it was in the instant case, that it is decidedly to the advantage of the mortgagor and mortgagee to avoid the necessity of a foreclosure suit by a conveyance of the premises to the mortgagee. A rule penalizing them for so doing would be contrary to our policy that litigation is not to be encouraged. The junior lienholder suffers no injury thereby, but is in the same position as if there had been a foreclosure without his having been made a party. His equity of redemption is not affected, neither is his lien thereby elevated to a first lien." (emphasis supplied)

See also Baker v. Marable, 396 S.W.2d 222 (Tex.Civ.App–El Paso 1965, ref. n. r. e.) and Humphreys-Mexia Co. v. Gammon, 113 Tex. 247, 254 S.W. 296, 29 A.L.R. 607 (Tex.Sup.1923).

Again the Commission of Appeals in the case of King v. Hampton, 131 Tex. 85, 113 S.W.2d 173 (Tex.Com.App.1938) in an opinion adopted by the Supreme Court, held that as a matter of law a prior vendor's lien was not lost by merger in favor of a subsequent junior encumbrance where the mortgagor conveyed the property to the mortgagee in consideration of the cancellation and discharge of the indebtedness.

The burden of proof was on plaintiff-appellee to prove that Gee, the owner and holder of the mortgage, intended that the two estates created respectively by the vendor's lien and the deed to Gee merge. No special issue was submitted and we find no evidence in the record that would have supported such an issue. Rule 279, T.R.C.P. It made no difference whether Gee accepted the deed from Viking, for it is to be presumed as a matter of law, in absence of facts to the contrary, that Gee intended to keep the estates separate. Appellants complain that the trial court erred in failing to grant their motion for instructed verdict and for judgment n. o. v. We hold that these motions should have been granted.

The record shows that the case has been fully developed, and that this Court should render the judgment which should have

been granted in the trial court. Yarbrough v. Booher, 141 Tex. 420, 174 S.W.2d 47, 150 A.L.R. 1369; McKenzie v. Carte [15–16], 385 S.W.2d 520, 530 (Tex.Civ.App.–Corpus Christi 1964, wr. ref. n. r. e.); Moran Utilities Company v. J. W. Childs, 392 S.W.2d 536 (Tex.Civ.App.–Beaumont 1965, n. r. e.).

Judgment is hereby reversed and rendered for appellants.