## CITY OF WEST UNIVERSITY PLACE v. ELLIS.

### No. 10795.

Court of Civil Appeals of Texas. Galveston.

July 14, 1938.

Rehearing Denied July 21, 1938.

Robert L. Sonfield, of Houston, for appellant.

W. P. Hamblen, Jr., W. P. Hamblen, Sr., and Orrin H. Bonney, all of Houston, for appellee.

CODY, Justice.

This appeal involves the Zoning Ordinance of the City of West University Place, a suburb of Houston, as such ordinance applies to the lot of appellee, which is located within the corporate limits of appellant city.

The ordinance in question was a comprehensive one which was adopted under authority conferred by Arts. 1011a–1011j, Vernon's Ann.Civ.St. It undertakes to divide the city into two districts,–Single Family Dwelling Districts and Retail Business Districts, as such districts are shown on the Zone Map, which map is by reference made a part of the ordinance. A photostatic copy of the map is shown in the transcript, attached to appellant's petition, but such copy is so reduced in size that we are unable to read it. However, there is no dispute that appellee's lot is located within what is designated on the map, the first single family dwelling district, and is also located next to the business district; and it was stated in oral argument that the lot in question was not only next to the business district, but also lies between such district and a building used for business, but which building so used for business had been originally constructed as a dwelling, and had the appearance of a dwelling. On the trial it was undisputed that appellee's lot was suited to business purposes, and was quite valuable for that purpose, and had no value for residence purposes; except as its allotment by the ordinance itself to a dwelling district might constitute evidence of value for residence purposes.

Appellant brought this suit against appellee, alleging that appellee, without procuring a permit authorizing the construction of it, had begun the construction of a building on the lot to be used as a store for business purposes, in violation of the Zoning ordinance, and asked for a restraining order until a temporary injunction could be had, preventing such construction, and asking for the temporary injunction to be made permanent upon final hearing; and further asking that so much of the construction as had been made—the foundation —should be required to be removed. The restraining order and temporary injunction were granted appellant as prayed for.

On final hearing, which was had before the court without a jury, appellee went to trial on an answer which set up a general demurrer, a general denial, and a special answer to the effect that appellee's lot was valuable, but only for business purposes, and had been by him purchased for such purposes, and that if appellant were allowed to restrict it against business use it would deprive appellee of all use and enjoyment of it, and take away his property without due process of law. He further alleged that at the time he began the construction no lawful zoning ordinance existed, and that such ordinance is unreasonable, arbitrary, and discriminated against him, and cannot be justified on the ground of public necessity, or of the public health or safety; that appellant seeks to take away from him property which is now available for the expansion of the business district of the community, all right to conduct business therein, and to relegate the construction of business establishments to out-of-the-way parts of the community, to which trade would not come, and which are not suitable for business, and, as a result, appellee and others seeking to establish a business in the community would be denied the right to conduct any business therein.

Upon such final hearing, the temporary injunction theretofore granted was dissolved, and a permanent injunction was denied appellant, and appellee was granted a permanent injunction against interference with the construction of his building by appellant, its officers, etc.

We sustain the judgment of the trial court. This we do, however, solely on the ground that appellee's proof must be taken to have established, as a matter of fact, that his lot was in the de facto business area of the community at the time the zoning ordinance was adopted. From the state of the evidence in the record before us, the trial court was warranted in finding that appellee proved beyond a reasonable doubt that his lot was in the actual business area at the time the zoning ordinance was adopted, and that it was highly valuable as business property, and virtually without value as a one-family residence property. It was not the intention of the

Legislature, in enacting Articles 1011a to 1011j, to authorize cities to adopt a zoning ordinance which would lay down a plan which would transform de facto business property, property which is unquestionably business property, and surrounded by business property, and located within the area actually devoted to such use, into residence property, where such property is not suitable to the use and enjoyment as such, and valueless as such. The inclusion of a lot by a zoning ordinance in an area which it designates as residential area, and restricts to residential use, is entitled to great weight, as a finding that such lot is suitable for use and enjoyment as residential property, actually or potentially, and that it is not in fact in the midst of the business district, and of value only because of its location in such business district. But such a determination by a zoning ordinance is not absolutely conclusive of the facts. We assume for the purpose of this case that the burden is on a lot-owner (who claims that a zoning ordinance is discriminatory against him, and arbitrarily seeks to restrict his lot to residential use, when it is in fact within the business area of the city, and valuable only for use as business property), to establish his contention beyond a reasonable doubt. To so hold in no way questions the validity of the zoning law, nor of an ordinance adopted pursuant to it; it confirms such validity. An adjudication in court that a rate prescribed by such a body as a railroad commission is so unreasonable as to be confiscatory and void, is not a finding that such commission is without power to fix rates. It is simply finding that such commission cannot exercise its power so unreasonably as to destroy the constitutional rights of the complainant. In other words, it is not the purpose of Articles 1011a to 1011j to empower a city to dedicate to residential use property which is beyond any reasonable doubt, located in the actual business district.

The power of a city to adopt a zoning ordinance to segregate residential districts and business districts, as an exercise of its police powers, is settled. Lombardo v. City of Dallas, 124 Tex. 1, 73 S.W. 2d 475. But this power is not to be exercised arbitrarily. Id. 73 S.W.2d 475, at page 479. If appellee's lot is, beyond a reasonable doubt, within the actual business district, it would be an arbitrary exercise of the zoning power to restrict its use to residence purposes, to purposes it cannot reasonably be used for. As it is located within the actual business district, neither the city itself nor its citizens can have its or their health, safety, convenience, or welfare promoted by restricting the use thereof to residential purposes. We assume, in support of the judgment, that the court found that appellee's lot was within the actual business district, beyond a reasonable doubt, so that the ordinance, in so far as it restricted appellee's lot so that it could not be used for business purposes, was unreasonable.

Appellant invoked our original jurisdiction to issue a temporary restraining-order to prevent appellee from proceeding with construction pending the hearing on a motion filed in this court. Such injunctive order, issued by this court, is dissolved.

Believing the judgment of the trial court should be affirmed, it is so ordered.

Judgment affirmed.

PLEASANTS, C. J., absent.

On Motion for Rehearing.

CODY, Justice.

In its motion for rehearing, appellant, for the first time, urges that appellee should have applied to the Board of Adjustment for relief against the restrictions placed on his lot by the Zoning Ordinance. However, "The question of whether or not an ordinance prohibiting the construction of a particular kind of building, or preventing a particular kind of use, at a particular location, is unreasonable, arbitrary, or discriminatory, is a question peculiarly within the province of the courts. An owner of property is entitled to direct access to the courts for the purpose of litigating such question, regardless of whether the zoning ordinance has made provision therefor or not. City of Little Rock v. Pfeifer, 169 Ark. 1027, 277 S.W. 883"—is quoted with approval in City of Amarillo v. Stapf, Tex.Com.App., 101 S.W. 2d 229, 233. The authority just quoted also disposes of appellant's contention that the ordinance itself was conclusive on the question of the reasonableness of the restrictions it imposed, so as to prevent an inquiry into its reasonableness in an action in court.

The reasonableness of the policy back of the zoning ordinance as a whole is not involved here. As stated by our Supreme Court in the Lombardo Case (73 S.

W.2d page 479), referred to in our original opinion, "Of course, every regulation adopted under the police power must be a reasonable one. * * * 'The police power authorizes only such measures as are reasonable; to be valid as an exercise of this power, *an ordinance must be reasonable in its operation upon the persons whom it affects,* and must not be unduly oppressive—that is, it must appear that the means adopted are reasonably necessary and appropriate for the accomplishment of a legitimate object falling within the domain of the police power.'" (Italics ours.)

Motion overruled.

PLEASANTS, C. J., absent.