### ELLIS v. CITY OF WEST UNIVERSITY PLACE et al.

### No. 11534.

Court of Civil Appeals of Texas. Galveston.

April 27, 1943.

Rehearing Denied May 13, 1943.

Orrin H. Bonney, of Houston, for appellant.

Harvey T. Fleming, of Houston, for appellees.

GRAVES, Justice.

This appeal by Mr. Ellis, a private citizen, against the City of West University Place, an incorporated city, town, or village, under Title 28, Revised Statutes of Texas, Vernon's Ann.Civ.St. Art. 961 et seq., is from a "take nothing" judgment entered by the 61st District Court in his suit against the City, through which he sought damages for its having procured the is-

suance against him of a restraining-order, a temporary injunction, and a supersedeas writ, in former litigation between the parties, wherein the City claimed he had violated its zoning ordinance by erecting a business building on a lot it had therein segregated for residential buildings only.

In that former injunction suit the district court refused to interfere with Mr. Ellis' construction of a business building on that property, and both this court, 118 S.W.2d 907, and the Supreme Court, 134 Tex. 222, 134 S.W.2d 1038, affirmed that action in separate opinions, the gist of each of which was a judicial recognition that, in so attempting to stop Mr. Ellis by injunction from what it therein claimed to be a violation of its zoning power, the City had undertaken to exercise the police powers granted to it by the State under the statutes cited supra, particularly Article 1011h, but that—under the controlling facts developed—it would have been an unreasonable exercise of that power to permit its visitation upon him; hence such an exercise was denied to the City, and the construction by Mr. Ellis was permitted to go on.

Both of those decisions are hereby referred to, in lieu of a more extended statement of the background of this action.

When stripped of all non-controlling details, the cause now at bar simply embodied a separate effort on Mr. Ellis' part to recoup what he considered had been his loss resulting from the City's prior procurement of such temporary writs as well as its unsuccessful efforts to permanently enjoin him from the claimed violation of the zoning ordinance it formerly so invoked against him; he set out these alleged damages at length, and, on this appeal, contends that the trial court, before whom this cause was tried without a jury, found as a fact that he had "suffered damages in the total sum of $4130.00 as a result of the injunction proceeding."

■ But the trial court herein filed full findings of both fact and law in support of its judgment, which are adverse to the appellant's claim for damages, basing its most material one of fact on its No. XV, and its legal conclusions upon a number of clear-cut declarations, to this single effect:

A city, town, or village is not liable for damages resulting from such city, town, or village's undertaking to enforce the police powers granted to it by the State,

for such function is governmental and not proprietary in its nature, and the law applicable to private persons and corporations, or a city or town acting in a proprietary capacity, does not apply in such a case.

On a review of the matter, this court sustains the trial court's action upon two grounds: (1) That its holding on the law was correct, under our authorities; (2) appellant did not show, in any event, a right to recover any of the damages he declared upon, which all, in effect, constituted alleged net profits, or loss; because, in undertaking to prove them, he merely exhibited what might have been a gross profit, without in any respect showing what proper costs or expenses he would have had to pay out from them, had the situation not been changed by the means causing the loss of the claimed profits to him.

■ It seems plain to this court, fundamentally, under the undisputed and admitted facts here, that the City of West University Place in the injunction litigation complained of was simply undertaking to enforce the police powers granted to it by the State of Texas as such incorporated municipality, and that—as a matter of well settled law in Texas—its action clearly involved a governmental and not a proprietary undertaking; it was, therefore, immune from such damage claims as are herein sued upon against it.

These authorities are cited as supporting that conclusion: City of Dallas v. Smith, 130 Tex. 225, 107 S.W.2d 872; City of Desdemona v. Wilhite, Tex.Civ. App., 297 S.W. 874; City of West University Place v. Ellis, Tex.Civ.App., 118 S.W. 2d 907, affirmed in 134 Tex. 222, 134 S.W. 2d 1038; Article 1011h, Vernon's Ann.Civ. St.

Since that holding is so authoritatively declared, it is deemed unnecessary for this court to thresh over old straw by undertaking any extended discussion of the rule therein so plainly applied.

■ As concerns appellant's claim that the trial court actually found that he suffered $4,130 damages, in this court's opinion, he misconstrues fact finding XV, which, in haec verba, is this:

"The said J. R. Ellis was delayed in the construction of the building in question for a period of two years by reason of the temporary restraining order, temporary injunction, and by the continuation of such proceedings through supersedeas on appeal.

The said building in question was completed in June of 1940, and, beginning July 15, 1940, was rented for the sum of One Hundred Fifty Dollars ($150.00) per month. If the said J. R. Ellis had not been enjoined from continuing the construction of such building, and if such building had been completed in 1938, the rental value of it at that time and at all times material to this suit would have been $150.00 per month."

It thus unequivocally appears that the trial court's finding was not only a contingent one, but it further makes plain that appellant had neither shown nor had the court found what the necessary and proper deductions from the gross profits the quoted finding had to do with would have been, had Mr. Ellis been permitted to go on at the original time with its construction. There was, therefore, a hiatus in such proof in any event. Fox v. Elston, Tex.Civ.App., 33 S.W. 749.

These conclusions determine the merits of the appeal. They require that an affirmance be ordered; it will be so entered.

Affirmed.