**George YOUNG, Intervenor, Appellant,**

**v.**

**JEWISH WELFARE FEDERATION OF DALLAS and City of Dallas, Texas, Appellees.**

**No. 16230.**

Court of Civil Appeals of Texas.

Dallas.

July 26, 1963.

Rehearing Denied Nov. 1, 1963.

Odeneal & Odeneal, Dallas, for appellant.

Saner, Jack, Sallinger and Nichols, H. Louis Nichols, H. P. Kucera, City Atty., and N. Alex Bickley and Ted P. MacMaster, Asst. City Attys., Dallas, for appellees.

DIXON, Chief Justice.

This is an appeal from a summary judgment in favor of the City of Dallas and Jewish Welfare Federation of Dallas, a corporation, hereinafter called Federation, and against Intervenor Young, who is appellant here.

The litigation began when Federation brought suit against the City for a declaratory judgment seeking to have Federation's deed of street dedication declared null and void and returned to Federation.

Appellant Young, owner of nearby property, intervened claiming that title for street purposes of a strip 50 feet wide had passed to the City by virtue of Federation's deed and a deed executed by Young's predecessor in title, Gaspar Arakelian. Young also sought $75,000 damages against Federation for using the property in controversy as part of a concrete parking lot. In a cross-action he asked for damages against the City in the same amount.

Both Federation and the City filed motions for summary judgment and both were sustained. The trial court in its judgment decreed that the property described in Federation's deed had not been dedicated for street purposes and the City had no right, title or interest in the property. It was also decreed that appellant take nothing against Federation or the City in his action for damages.

## FACTS

On August 31, 1953 Clifford L. Huffines, appellant's predecessor in title, entered into a written agreement with Tom Jackson, Jr., Federation's predecessor in title, to the effect that on or before three years from date each of them would dedicate parts of their property for use as a street not to exceed 60 feet in width. On August 31, 1956 this agreement expired under its own terms without either of the parties having done anything further toward dedicating the street.

The above agreement between Huffines and Jackson, which had been filed for record in the deed records of Dallas County, Texas, contained this paragraph:

"It is expressly agreed and understood that this agreement shall be binding upon the parties hereto, *their heirs and assigns or successors in title* to the two tracts of land above mentioned but that said parties reserve the right by mutual agreement to alter the length of the street to be dedicated, *it being understood that this instrument shall not be construed to constitute a dedication of the street, and that rights of the public and/or third parties shall not attach or become effective until the street is dedicated by further act of said parties,* and they (sic) only to the extend and over such part of said tracts as may be then included in the dedication but *said dedication to be made on or before 3 years from this date or this easement agreement to become null and void without effect."* (Emphasis ours).

Meantime on June 4, 1954 Federation acquired Jackson's property. On August 23, 1954 the property was rezoned for use as a community center. This was at a time when the original agreement between Huffines and Jackson had not expired, so Federation's plans took into consideration the possibility that the proposed street might be dedicated prior to August 31, 1956.

The earlier agreement having expired under its own terms, Federation and Fowler Building Company, which had acquired Huffines' property, on August 31, 1956 entered into a written agreement extending the earlier Huffines-Jackson agreement to August 31, 1957. This contract also expired under its own terms without anything further having been done toward the actual dedication of the street.

Sometime in 1957 an agreement was entered into between Federation and Gaspar Arakelian, who had acquired the Huffines' property, extending the agreement for the proposed dedication to August 31, 1958.

On May 8, 1958 Federation informed Arakelian, by letter to his agent Nelson A. Farry, that Federation in accordance with its agreement was calling for the dedication of the street, a strip 25 feet in width to be deeded for street purposes from Federation's property and a like strip from Arakelian's property. A copy of this letter was sent to the City Plan Commission and appears among the records of the Commission. We quote from the letter:

"As you are aware, an agreement exists between your client, Caspar Arakelian, and the Dallas Jewish Welfare Federation to dedicate a street off of Northhaven Road, the center line of which shall be the East line of the street conveyed to Fowler Building Company by Clifford L. Huffines by instrument dated September 2, 1953, recorded in Volume 3913 p. 483 of the Deed Records of Dallas County, Texas, reference to which deed is made for a complete description of the tract in question, which street shall be sixty feet (60') in width and shall extend along the entire line of said Fowler tract of land. *This agreement was renewed for a period of one (1) year ending August 31, 1958.* (Emphasis ours.)

"In accordance with this agreement, the Dallas Jewish Welfare Federation is now calling for the dedication of a 50' strip, which Marvin Springer of the City Planning Commission believes is adequate, of which we are asking you to dedicate 25' and the Dallas Jewish Welfare Federation will dedicate the other 25'."

On August 29, 1958 Federation, pursuant to the above letter, executed and filed with the City its deed conveying an easement to the City for street purposes. It is this deed which is the subject of the present litigation.

Arakelian did not dedicate any part of his property on or before August 31, 1958. On November 24, 1958, nearly three months after the expiration of his contract with

Federation, he executed a deed conveying a strip 25 feet wide for street purposes. But this deed was not filed with the City until July 15, 1961, nearly three years after the expiration of the agreement between Federation and Arakelian, and about three and one-half months after Arakelian had sold his property to appellant Young on April 1, 1961.

On March 15, 1962 the City Plan Commission of Dallas approved and on March 19, 1961 the City Council approved a revised site plan authorizing Federation to use as part of its parking space, the strip 25 feet wide described in Federation's deed of August 28, 1958.

Among the City's answers to Federation's request for admissions are the following:

1. Federation's dedicatory deed of August 28, 1958 was delivered to the City in escrow.

2. The delivery was made subject to certain conditions and if said conditions were not complied with the deed would be null and void and would be returned to Federation.

3. One condition was that certain property adjacent to Federation's property also be dedicated prior to August 31, 1958.

4. Said adjacent property was not dedicated prior to August 31, 1958.

5. It was understood between Federation and the City that if a strip 25 feet in width off the adjacent property to the west was not dedicated by deed prior to August 31, 1958, Federation's deed would not effect a dedication.

6. The conditions of said escrow agreement were not complied with.

7. The proposed dedication by Federation has not been accepted by the City.

8. The tender of dedication was withdrawn by Federation prior to any acceptance by the City.

9. The City does not contend that the property described in Federation's deed of August 28, 1958 has ever been dedicated and the City does not claim any right, title or interest in said property.

10. The City would have returned the deed to Federation but for certain claims made by appellant George Young.

## OPINION

We have concluded that the trial court correctly sustained both motions for summary judgment.

The substance of appellant's first two points on appeal is that it was error to grant Federation's motion for summary judgment because numerous issues of fact existed, including an issue as to whether Federation was estopped to seek return of its deed and to use the 25 foot strip for purposes other than a street.

In his controverting affidavit appellant Young says that on August 11, 1961 he wrote a letter to the Director of Planning of the City of Dallas disputing the right of the City to return Federation's deed of August 28, 1958 and asserting that the special permit under which the Welfare Center was built was issued on condition that the street be located between Federation's tract of land and appellant's tract. Young also claimed that the change permitting the 25 foot strip to be used by Federation as part of its parking lot was made without notice to him, and after Federation had already poured the concrete covering up the strip.

■ Appellant undertakes to support his claims by asserting that prior to acquiring title to his property from Arakelian he had made inquiry as to all matters appearing in the records of the City Plan Commission, and had purchased his property in reliance on the records, including plats, on file with the Commission. That being so, Young was bound to have taken notice that Federation's order of dedication was in performance of its agreement of 1957 which renewed the Huffines-Jackson agreement of 1953. This is shown by Federation's letter of May 8, 1958, copy of which was on file with the Commission. Young is bound also to have taken notice that Arakelian had not executed or filed a dedicatory deed prior to August 31, 1958. With this knowledge he cannot support a claim of estoppel against Federation from whom he bought no property at all.

■ The filing of plats showing an intention in the future to dedicate property as a street does not constitute a dedication. Sec. 6 of Art. 974a, Vernon's Ann.Civ.St. expressly provides that the filing and approval of a subdivision plat showing streets to be dedicated do not constitute an acceptance by the City. See also Ft. Worth & D. S. P. Ry. Co. v. Judd, Tex.Civ.App., 4 S.W.2d 1032; City of Galveston v. Williams, 69 Tex. 449, 6 S.W. 860.

The undisputed evidence is that Federation withdrew its offer of dedication before acceptance by the City. In fact there was never an acceptance by the City of a dedication of the proposed street. The street was never opened and the property in question has never been used for street purposes. Young bought his property from Arakelian, not from Federation. It was Arakelian, appellant's immediate predecessor in title, who failed to meet the condition under which Federation's conditional deed of dedication was tendered. It is to be remembered that Arakelian's purported deed of dedication was not filed until nearly three years after the expiration of his contract with Federation and about three and a half months after he sold his property to appellant.

■ The undisputed facts negative any plea of estoppel by appellant against Federation which might prevent a judgment in Federation's favor decreeing its dedicatory deed of August 28, 1958 to be null and void and to be returned to Federation. Further, Federation is not liable in damages for irregularities, if there were any, committed by the City of Dallas in its

zoning procedures in granting or refusing a building permit, which is the exercise of a governmental function by the City. Appellant's first two points on appeal are overruled.

Appellant's third and fourth points in substance are that it was error to grant summary judgment in favor of the City of Dallas since there was a genuine issue of fact as to whether appellant had notice of the hearing and action by the City of Dallas in allowing an amended site plan for the Welfare Center of Federation, deleting the 25 foot strip, said action being taken after the present controversy arose and after this suit was filed; and said proceeding by the City was arbitrary and capricious.

The undisputed evidence, as we have pointed out, shows that the tract in question had never been dedicated for street purposes and that the City of Dallas had no right, title or interest in the property. Federation's tender of a dedicatory deed was never accepted by the City. A deed not accepted by the grantee conveys no interest. Tanner v. Doty, Tex.Civ. App., 311 S.W.2d 508; Janes v. Stratton, Tex.Civ.App., 203 S.W. 386. The facts having been conclusively established, appellant's plea that Federation's dedicatory deed of August 28, 1958 be allowed to stand was properly denied by the trial court.

As to appellant's suit for damages against the City, we must hold that if there were any irregularities in the City's procedures in amending the site plan of the Welfare Center (we do not say there were any irregularities), the City is not liable for damages. Such amending action was an exercise of the zoning power of the City. It was a governmental function and in connection therewith the City is immune from liability for damages. Lombardo v. City of Dallas, 124 Tex. 1, 73 S.W.2d 475; Ellis v. City of West University Place, Tex.Civ.App., 171 S.W.2d 178, affirmed by Supreme Court, 141 Tex. 608, 175 S.W.2d 396. Appellant's third and fourth points are overruled.

The judgment of the trial court is affirmed.