**Mary K. BAIR, Individually and as Independent Executrix of the Estate of Lester L. Bair, Deceased, Appellant,**

v.

**VOELKER REALTY CO., INC., Appellee.**

No. 20075.

Court of Civil Appeals of Texas, Dallas.

Nov. 14, 1979.

Kenneth D. Fuller, Frances McWilliams Harris, Garland, for appellant.

Daniel J. Sheehan, Jr., Dallas, for appellee.

Before GUITTARD, C. J., and ROBERTSON and CARVER, JJ.

GUITTARD, Chief Justice.

This suit for money alleged to be due on a written contract was tried without a jury. The court denied recovery, and plaintiff appeals. The only question is construction of the contract. We agree with the trial court that the contract creates a condition precedent that was not satisfied. Consequently, we affirm.

Before signing the contract in question, plaintiff Mary Bair and her husband, now deceased, had conveyed a tract of land to defendant Voelker Realty Company. In part payment, Voelker signed a note dated December 15, 1971, for $225,106.90, secured by a deed of trust. The note provided that Voelker should have no personal liability on the note and that in the event of non-payment the holder should look only to the property described in the deed of trust.

The contract in question, signed December 20, 1973, by L. L. Bair and Mary Bair, describes the property covered by the deed of trust and designates Voelker Realty Company as "Owner." It recites that the property has on it "one gasoline station and one brick retail building which are now uninhabitable, hazardous and dangerous" and that the "Owner" desires to tear this down. The operative provision of the contract is as follows:

NOW, THEREFORE, for good and valuable consideration, the receipt of which is hereby acknowledged, the undersigned, L. L. Bair, does hereby consent to the Owner tearing down and removing the gasoline station and brick retail building now situated on the Property. In the event that the undersigned becomes the Owner of the Property as a result of foreclosure under the Deed of Trust, then the undersigned shall be entitled to recover from Owner the total sum of $25,000.00 as replacement damages in full.

After this contract was signed, Voelker removed the buildings from the property. Later, in December 1976, Voelker Realty Company executed and mailed to Mary Bair a general warranty deed reconveying the property to her. At that time the note was not in default, although an interest payment was due within a few days. Mary Bair accepted the deed and filed it for record. She then brought suit against Voelker for the $25,000 provided in the contract, alleging that Voelker had breached its obligation to pay that sum as compensation for destruction of the buildings. On trial without a jury, the court denied recovery, but made no findings of fact or conclusions of law. Evidently the court concluded that the contract did not require Voelker to pay the $25,000 under the circumstances of this case.

The contract does not obligate Voelker to pay $25,000 for destruction of the buildings alone. It requires such payment only on the occurrence of a specified event, namely, "[i]n the event that the undersigned becomes the Owner of the property as a result of foreclosure under the Deed of Trust." The crucial inquiry is whether that event occurred. Plaintiff Bair contends that the voluntary conveyance of the property to her was legally equivalent to a "foreclosure under the deed of trust," and, therefore, should have the same consequences. She argues that the term "foreclosure" is ambiguous at best, since it may refer to any method of terminating Voelker's interest and restoring title to her, whether by trustee's sale, judicial foreclosure, or voluntary conveyance, and that the ambiguity should be resolved against Voelker because it selected the language. Voelker responds that "foreclosure under the deed of trust" can only mean a trustee's sale as provided by the deed of trust, and, since none occurred, no money is due.

We cannot agree that the voluntary reconveyance was a "foreclosure under the deed of trust." No foreclosure could then have been effective because the note was not in default. Although a default may have been imminent, the deed of trust does not authorize foreclosure for a prospective default. Moreover, title became vested in Bair under a general warranty deed, rather than a trustee's deed, thus avoiding any uncertainty and possible litigation that a trustee's sale may have raised. Bair need not have accepted the deed. She could have returned it to Voelker, waited for a default, and then instructed her trustee to sell. Notice of such a sale would have had to be posted, and other prospective purchasers would have had an opportunity to bid. She chose not to follow that course, but rather to accept the deed with its immediate, unquestioned conveyance of title. Consequently, she is not in a position to assert that she became the owner as a result of a "foreclosure under the deed of trust."

Plaintiff Bair insists that her argument in this respect is supported by the recent decision in *Jones v. Ford*, 583 S.W.2d 821, 823 (Tex.Civ.App.—El Paso 1979, writ ref'd n. r. e.). That case did not involve the meaning of contractual language equivalent to "foreclosure under the deed of trust." The court merely held that a conveyance by a mortgagor to the note holder had the effect of a foreclosure of the deed of trust lien as between the note holder and third parties, who claimed under an execution sale. We do not know what the decision would have been if the note had not been in default and the conveyance had been a deed with general warranty. Consequently, we do not regard that opinion as persuasive here.

■ Alternatively, Bair argues that if "foreclosure under the deed of trust" is interpreted as limited to a trustee's sale, the trial court erred in holding that such a foreclosure is a condition precedent to defendant's liability for the $25,000. In support of this argument, she cites authorities holding that conditions precedent are not favored. We find no ambiguity in the contract that would permit us to apply this rule. A condition precedent is an event that must happen or be performed before a right can accrue to enforce an obligation, and no particular language is required if the intent to create a condition is clear. *Burns v. American Nat'l Ins. Co.*, 280 S.W. 762, 765 (Tex.Comm'n App.1926, judgmt. adopted); *Cozby v. Edwards*, 203 S.W.2d 569, 574 (Tex.Civ.App.—Fort Worth 1947, writ ref'd n. r. e.); *Corbin*, CONTRACTS, § 639 (1960). In this contract the phrase "[i]n the event that" is particularly appropriate to the creation of a condition, since it limits the obligation to pay to the occurrence of the event specified. *Hennigan v. Chargers Football Co.*, 431 F.2d 308, 313 (5th Cir. 1970); *Partlow v. Matthews*, 43 Wash.2d 398, 261 P.2d 394, 398–99 (1953); and see *City of Pinehurst v. Spooner Addition Water Co.*, 432 S.W.2d 515, 519 (Tex. 1968). Unquestionably, this phrase creates a condition to the extent that Bair's resumption of ownership must occur before the obligation arises to compensate Bair for destruction of the building. The language concerning foreclosure which follows immediately in the same clause is part of the same condition. To sustain Bair's contention would be to rewrite the contract, which we cannot properly do, particularly a formal contract like this which bears evidence that the parties have carefully chosen its language to express their exact intentions. *See Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609, 624 (1950).

Plaintiff Bair contends further that if a foreclosure by trustee's sale is a condition precedent to Voelker's liability for the $25,000, Voelker made its performance impossible by executing and delivering the reconveyance. In a similar vein, she argues that the trial court's construction of the contract enables Voelker to cause a forfeiture of her claim for compensation for destruction of the buildings. Neither of those contentions is tenable because tender of the deed could not, in itself, have prejudiced Bair's rights. Her acceptance was necessary to give it effect as a conveyance. *See, e. g., Puckett v. Hoover*, 146 Tex. 1, 202 S.W.2d 209, 211 (1947); *Robert Burns Concrete Contractors,*

*Inc. v. Norman,* 561 S.W.2d 614, 618 (Tex. Civ.App.—Tyler 1978, writ ref'd n. r. e.); *Young v. Jewish Welfare Federation,* 371 S.W.2d 767, 771 (Tex.Civ.App.—Dallas 1963, writ ref'd n. r. e.). By declining to accept the tendered deed, she could have preserved her right to insist on either full payment of the note according to its terms of foreclosure and compensation as provided in the contract. She chose to accept the deed. Therefore, she has no right to the compensation provided in the contract.

Affirmed.