**A.H. KARCHER, Jr., et al, Appellants,**

v.

**Thomas G. BOUSQUET, et al, Appellees.**

**No. 12–83–0107–CV.**

Court of Appeals of Texas, Tyler.

May 10, 1984.

Rehearing Denied June 21, 1984.

Carey B. Boethel, Giddings, Jefery F. Carson, Jefery F. Carson & Associates, Inc., Sugar Land, for appellants.

Fred A. Lange, Houston, Thomas Bousquet, pro se, Allan I. Schneider, Schneider, Krugler & Kleinschmidt, Giddings, for appellees.

McKAY, Justice.

This is an appeal from a summary judgment rendered in favor of appellees Thomas G. Bousquet, et al, and against appellants A.H. Karcher, Jr., et al, for the cancellation of a mineral deed and for the removal of the cloud on the title to the oil, gas and other minerals in and under a certain 137.5 acre tract of land in Lee County, Texas.

On August 3, 1935, A.H. Karcher, Sr., executed a promissory note payable to F.W. Kraus in the amount of $1,000.00, secured by a Deed of Trust lien duly recorded, covering the 137.5 acre tract of land made the basis of this suit.

On January 27, 1936, A.H. Karcher, Sr., conveyed all the oil, gas and other minerals in and under the subject 137.5 acre tract to his son, A.H. Karcher, Jr., by a "gift" mineral deed duly recorded.

On September 15, 1941, A.H. Karcher, Sr., conveyed the 137.5 acre tract to F.W. Kraus by warranty deed duly recorded. The deed recited that the consideration was the cancellation of the promissory note in the principal sum of $1,000.00 executed by A.H. Karcher, Sr., to F.W. Kraus.

The subject property was subsequently conveyed to Edwin Zgabay. Zgabay conveyed the property to Thomas G. Bousquet, and Thomas G. Bousquet conveyed the property to J & T Investments Company, a partnership composed of Thomas G. Bousquet and James A. Lee, under a deed duly recorded, dated July 10, 1980, covering all interest in and to the oil, gas and other minerals in the subject tract.

On February 2, 1978, Karcher, Jr., and wife, executed an oil, gas and mineral

lease, duly recorded, covering the subject tract. The lease was subsequently assigned to Texas International Petroleum Corporation and was in full force and effect.

On August 30, 1979, Thomas G. Bousquet, James A. Lee, J & T Investments Company, Edwin Zgabay and wife, brought suit against Karcher, Jr., to cancel the 1936 "gift" mineral deed and to remove the cloud on the title to the oil, gas and other minerals in and under the certain 137.5 acre tract of land in Lee County, Texas. Karcher, Jr., answered by general denial and affirmatively pleaded that the cause of action was barred by the statute of limitations. Texas International Petroleum Corporation intervened as the lessee to the mineral estate in question. Bousquet, et al, filed a motion for summary judgment. Intervenor, Texas International Petroleum Corporation, also filed a motion for summary judgment. The trial court granted the motion for summary judgment filed by Bousquet, et al, and rendered judgment in favor of Bousquet, et al, cancelling the 1936 "gift" mineral deed and removing the cloud on the title to the oil, gas and other minerals located in and under the subject 137.5 acre tract of land. Intervenor, Texas International Petroleum Corporation's motion for summary judgment was denied. Karcher, Jr., and Texas International Petroleum Corporation appeal.

Appellant Karcher, Jr., contends that the trial court erred in rendering judgment in favor of appellees because the deed to appellant, Karcher, Jr., was prior in time to Kraus' deed, appellees' predecessor in title, and the deed to Kraus was not a deed in lieu of foreclosure since the mortgagor, and grantor, therein, Karcher, Sr., was not in default under the deed of trust in question.

Appellants assert that Karcher, Sr., had the absolute right to convey the mineral estate in question to his son, Karcher, Jr., subject only to the deed of trust lien; that the deed of trust was not a conveyance and did not prohibit the transfer of the title to the land.

Appellants further maintain that appellees' contention that the deed from Karcher, Sr., to Kraus was a deed in lieu of foreclosure and therefore cancelled the prior deed from Karcher, Sr., to Karcher, Jr., is incorrect because there is no evidence that the subject deed of trust was in default, and no evidence that Kraus notified the trustee to foreclose the deed of trust lien. Appellants contend that the conveyance from Karcher, Sr., to Kraus does not have the same affect as a foreclosure of the deed of trust lien.

It is appellants' further position that since the "gift" mineral deed to Karcher, Jr., was executed and recorded prior to the deed to Kraus, title to the mineral estate in question became vested in Karcher, Jr.

Appellees, Bousquet, et al, reply that the "gift" deed to A.H. Karcher, Jr., was burdened by the deed of trust lien, and the deed in lieu of foreclosure cut off the purported mineral conveyance.

It is evident from the record and the briefs of the parties that there is only one issue in this appeal, and that is whether the deed from Karcher, Sr., to Kraus conveyed the mineral estate to Kraus.

In the old case of *Bradford v. Knowles*, 86 Tex. 505, 25 S.W. 1117, 1118 (1894), the court said, "The mortgagor, in this state, has the legal title, and conveys it to his grantee."

The court said in *Paddock v. Williamson*, 9 S.W.2d 452, 454 (Tex.Civ.App.— Beaumont, 1928, writ ref'd):

The court did not err in instructing against appellant's cross-action in trespass to try title, in so far as it involved the timber in controversy. The Bybees were the common source of title. Though they had mortgaged the land to the Security Trust Company of Galveston, their deed to Williams had the effect of conveying to him the legal title to the land, subject, however, to the deed of trust lien. As said by the Supreme Court in *Bradford v. Knowles*, 86 Tex. at 509, 25 S.W. at 1118: "The mortgagor in this state has the legal title."

■ "A mortgage is a mere lien on the property and vests no estate in the mortgagee." *Zeigler v. Sawyer,* 16 S.W.2d 894, 896 (Tex.Civ.App.–Amarillo 1929, writ ref'd).

■ A deed of trust does not convey title to land. *Fleming v. Adams,* 392 S.W.2d 491, 495 (Tex.Civ.App.–Houston 1965, writ ref'd n.r.e.).

■ In a more recent case our Supreme Court has said that Texas follows the lien theory of mortgages, and under such theory the mortgagee is not the owner of the property. *Taylor v. Brennan,* 621 S.W.2d 592, 593 (Tex.1981). See 39 TEX.JUR.2d *Mortgages and Trust Deeds,* §§ 7 and 95 (1976).

■ Since the deed of trust did not convey any title to Kraus, we now address the contention that the warranty deed from Karcher, Sr., to Kraus in 1941 was in lieu of foreclosure of the deed of trust, and that Kraus thereby acquired a superior title to the minerals than that Karcher, Jr., received by deed in 1936.

The mineral deed from Karcher, Sr., to Karcher, Jr., was dated January 27, 1936, filed the same day, and recorded in the deed records the next day. The deed from Karcher, Sr., to Kraus was dated September 15, 1941, and recited as consideration the cancellation of a $1,000 note. The mineral deed was of record more than five years before the deed from Karcher, Sr., to Kraus. There is nothing in the record to indicate that Karcher, Sr., was in default, or that either Kraus or his trustee in the deed of trust took any action whatever to declare the note of Karcher, Sr., due and unpaid, or that Kraus, or his trustee, attempted to or did exercise any power of sale under the trust deed.

The argument made by appellees that the deed from Karcher, Sr., to Kraus was "a deed in lieu of foreclosure" is refuted in *Bair v. Voelker Realty Co., Inc.,* 589 S.W.2d 867, 869 (Tex.Civ.App.—Dallas 1979, no writ), wherein the court said: "We cannot agree that the voluntary reconveyance was a 'foreclosure under the deed of trust.' No foreclosure could have been effective because the note was not in default ...." The court in *Bair* above further said that the mortgagee did not have to accept the deed, could have returned it, and, if the deed of trust note was in default she could have instructed her trustee to sell the property, but the mortgagee chose not to do that, but instead to accept the deed; therefore, she was "not in a position to assert that she became the owner as a result of a foreclosure under the deed of trust."

The court in *Bair, supra,* makes a distinction between that case and *Jones v. Ford,* 583 S.W.2d 821 (Tex.Civ.App.—El Paso, 1979, writ ref'd n.r.e.) relied on by appellees. In our view that distinction is applicable to this case.

■ We conclude from the record that the mineral deed from Karcher, Sr., to Karcher, Jr., conveyed the mineral estate to Karcher, Jr., subject only to the deed of trust to Kraus. Since there is no evidence that Karcher, Sr., was in default on the deed of trust note, and there was no record of any foreclosure action, we are of the opinion that those who claim under Kraus are not in position to assert that Kraus became the owner of the mineral estate as a result of a foreclosure (or a deed in lieu of foreclosure) under the deed of trust. Appellees make an assumption of fact not supported by the evidence. Had there been a foreclosure under the deed of trust, there would be some merit to their position and argument.

We hold that the warranty deed from Karcher, Sr., to Kraus did not convey the mineral estate to Kraus, but that title to such mineral estate, in the absence of a foreclosure, vested in Karcher, Jr.

Judgment of the trial court is reversed, and judgment is rendered that appellees take nothing.

## OPINION ON MOTION FOR REHEARING

Appellees contend that we are in error in holding that there is no evidence that

Karcher, Sr., was in default on the deed of trust note because appellant's response to the motion for summary judgment did not mention the defense. We disagree.

In the First Amended Response to Motion for Summary Judgment filed by appellant Karcher, Jr., it is alleged that:

> ... [T]here are genuine issues of material fact which preclude the granting of summary judgment in favor of Plaintiffs, as appear from the pleadings, the depositions and documents on file and submitted on this motion. More particularly, Defendant asserts that the following items raise genuine issues of material fact:
>
> ....
>
> (d) The deposition of G.L. Kelly, Sr., indicates that there is an issue of fact as to what the basis of the reconveyance to F.W. Kraus was as well as the consideration given by the parties for the conveyance notwithstanding the recitation in the Deed from A.H. Karcher, Sr. to F.W. Kraus.

Appellees cite and rely upon *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671 (Tex.1979), for authority that appellants' failure to expressly allege in their response to appellees' motion for summary judgment that there was no evidence that Karcher, Sr., was in default of the deed of trust note, prevents the defense of no proof of default being urged on appeal. The court stated in *City of Houston v. Clear Creek Basin Authority, supra,* at p.678:

> The trial court may not grant a summary judgment by default for lack of an answer or response to the motion by the non-movant when the movant's summary judgment proof is legally insufficient. The movant still must establish his entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of his cause of action or defense as a matter of law. See *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). Summary judgments must stand on their own merits, and the non-movant's failure

to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right.

While it would be prudent and helpful to the trial court for the non-movant always to file an answer or response, the non-movant needs no answer or response to the motion to contend on appeal that the grounds expressly presented to the trial court by the movant's motion are insufficient as a matter of law to support summary judgment.

We hold that appellees did not establish their entitlement to a summary judgment on the issues expressly presented to the trial court by conclusively proving all essential elements of their cause of action. Appellees failed to prove the necessary element that the note in question was in default; therefore, appellees' motion is insufficient as a matter of law to support summary judgment. Unless appellees established that the note was in default, the conveyance from Karcher, Sr., to Kraus is not the same as a foreclosure.

Appellees' motion for rehearing is overruled.